CHARLES S. RIEMAN, Appellant, vs. EDWARD W. MORRI-
SON, Appellee.

*Opinion filed June 16, 1914—Rehearing denied October 7, 1914.*

1. CONTRACTS—*what contract is not, on its face, illegal.* A con-
tract whereby one party agrees to pay compensation to another for
the latter's services in procuring the return of money and prop-
erty belonging to the first party which is being wrongfully with-
held from him by other persons is °not, on its face, illegal nor
against public policy.

2. SAME—*one whose property is stolen is not limited to crimi-
nal prosecution.* One whose property is stolen may sue for the
property and secure legal services and other aid for its recovery,
and he has a right to negotiate for its return if he does nothing
having the object or effect of concealing crime or having a tend-
ency to hinder or prevent a criminal prosecution.

3. SAME—*when contract for recovery of property is valid.* If
the sole object of a contract is for the recovery of property, even
by a compromise of a civil liability, it is valid.

4. SAME—*what constitutes the compounding of a criminal of-
fense.* The offense of compounding a criminal offense consists of
perverting public justice in some way by making a bargain to al-
low the criminal to escape conviction or showing some favor to
him for that purpose.

5. SAME—*what is essential to a plea intended to allege conceal-
ment of a crime.* A plea intended to present the defense that the
contract sued upon was made for the purpose of concealing a
crime, must, in the absence of any pending prosecution, allege that
a crime has been committed, and a plea which fails to allege either
the commission of the crime or the pending prosecution is bad.

6. SAME—*what is required to make contract champertous.* To
make a contract champertous there must be an agreement that the
costs and expenses of the litigation, or some part of them, are to
be paid by one who is not a party to the suit.

7. PLEADING—*a defective replication amounts to the same thing
as a demurrer.* A defective replication amounts to the same thing
as a demurrer to the plea the replication professes to answer, and
if the facts alleged in the plea constitute a defense to the cause of
action alleged in the declaration, a judgment in bar against the
plaintiff is proper.

8. SAME—*when court should not enter judgment in bar against
plaintiff.* If a plea is defective in substance and does not allege

facts constituting a defense to the cause of action it is error to give judgment in bar against the plaintiff, even though he has waived all formal defects in the plea by not demurring and by not asking to have the demurrer to his defective replication carried back to the plea.

9. SAME—*a demurrer tests sufficiency of all preceding pleadings.* A demurrer tests the sufficiency of all pleadings which precede the demurrer, and the court should not give judgment in favor of the party who is first to commit an error.

APPEAL from the Branch "B" Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding.

FYFFE & RYNER, and DANIEL W. SCANLAN, for appellant.

JAMES R. WARD, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The Appellate Court for the First District granted a certificate of importance and an appeal from its judgment affirming a judgment of the municipal court of Chicago in favor of Edward W. Morrison, appellee, in a suit brought against him by Charles S. Rieman, the appellant. The suit was upon the following written contract set out in special pleas and stated in the complainant's affidavit of claim as constituting the cause of action:

"This agreement, made and entered into this 12th day of June, 1909, by and between Edward W. Morrison and C. S. Rieman, both of Chicago, Illinois,

"*Witnesseth*—That whereas said Morrison believes, from information furnished him by said Rieman, that certain money or moneys, real or personal property, rightfully belonging to him under the law have been wrongfully withheld from him by others; and whereas said Morrison believes said Rieman is in position to secure the return to him of said money or moneys, property, real or personal, wrongfully withheld from said Morrison by others:

"Now, therefore, in consideration of the premises and of the services rendered and to be rendered by said Rieman to said Morrison in his efforts to recover the money or moneys, real or personal property, said Morrison hereby agrees to and with said Rieman that said Rieman shall have and retain as his compensation for his efforts, (or for information furnished by him on which any recovery may be made, as aforesaid, by said Morrison,) and for his services in recovering or assisting to recover money or moneys or real or personal property for said Morrison, as aforesaid, one-half (½) of the cash so recovered through the efforts, services or information furnished by said Rieman, also cash to the amount of one-half (½) of the value of whatever property, real or personal, may be recovered for said Morrison, as aforesaid; said valuation to be determined by three appraisers, one to be chosen by each of the parties hereto and the third by the two so selected, whose findings shall be final as a basis for discharging the provisions of this contract.

"Said Morrison hereby gives and grants to said Rieman full authority to represent him in securing the return of the money or moneys, real or personal property, and to receive same in said Morrison's name and behalf, and authorizes said Rieman to secure legal services to assist, if necessary, in the recoveries to be attempted, as aforesaid, or to invoke the aid of the authorities, if necessary, to that end. Said Morrison further authorizes said Rieman to employ attorneys and fully represent said Morrison in any litigation that may be necessary to make the recoveries, as aforesaid, and to represent him in all other matters in the same connection.

"In witness whereof the parties hereto have hereunto set their hands and seals the day and year first above written.

EDWARD W. MORRISON,<br>C. S. RIEMAN."

There were two common counts in the original declaration, and two special counts, in which the plaintiff averred that he entered the employment of the defendant under the contract and performed services and furnished information to enable the defendant to recover his lost money and property; that the defendant actually recovered said money or property, or the value thereof, through such information; that the plaintiff continued in the employ of the defendant until June 23, 1909, when the defendant proceeded to recover his money or property, or the full value thereof, without permitting the plaintiff to further assist him, and that

the plaintiff was always ready and willing, and repeatedly offered, to perform all the duties required of him according to the terms of the contract. For some time after the filing of the original declaration the attorneys were actively engaged in filing other pleadings. The defendant filed a plea of the general issue and three special pleas, whereupon the plaintiff filed a general demurrer to two of the pleas and filed two additional counts declaring on the contract. A demurrer to the special counts was sustained, and by leave of the court the plaintiff filed seven amended additional counts declaring specially upon the written agreement. The defendant then filed eight pleas, to which the plaintiff filed eleven replications, taking issue in some replications and in others offering to verify, and afterward, on leave given, filed three additional replications and later amended several replications. The defendant filed fourteen demurrers to the replications, the fourteenth demurrer being in the nature of a special demurrer to all the replications, amended replications and additional replications, on the grounds that the replications were indefinite and confusing, not sufficiently specific and certain, not sufficient in law and tendered immaterial issues. The court sustained the fourteenth demurrer and made a finding that the contract sued upon was void. The plaintiff stood by his replications, amended replications and additional replications, and the court rendered judgment against him in bar of the action and for costs.

The record contains a bill of exceptions reciting the rulings of the court, which were already matters of record, and as the bill of exceptions was neither required nor proper no attention will be given to it.

It will not be necessary to state in detail the contents of the volume of pleadings, which, in the main, may be classed as either useless or worthless. The trial court made a finding that the contract sued upon was void, and the Appellate Court considered that such allegations of the eighth plea as were not traversed, and therefore were admitted, constituted

a good defense to the action.  In our opinion the Appellate Court took the proper course in giving attention only to the eighth plea and the replications thereto, since they presented everything material to the controversy.  There was no occasion for seven additional counts, the legal effect of which is substantially the same, and the numerous pleas and replications served only to encumber the record instead of bringing the contention of the parties to a single issue, as contemplated by the law of pleading.  We think that a consideration of the contract, the eighth plea and the replications to that plea will be sufficient for a determination whether the judgment of the Appellate Court ought to be affirmed or reversed.

The contract, on its face, is not illegal or of such a nature that a court should refuse to enforce it because it contravenes some statute or rule of public policy.  It contains no statement that property of the defendant had been stolen, and if such were the fact there is no reason in law why the defendant could not take such measures as he saw fit to recover his property, so long as there was no interference with the enforcement of the criminal laws.  Section 21 of division 2 of the Criminal Code expressly preserves the civil remedy, and provides that nothing contained in the act shall be so construed as to prevent the party injured having and maintaining a civil action for the damages and losses that he may have sustained in consequence of the commission of any criminal offense.  The defendant might sue for his property and secure legal services or other aid for its recovery and begin and prosecute any litigation necessary for the purpose, and as he could sue for the return of his property he could negotiate for its return if he did nothing having the object or effect of concealing crime or having a tendency to hinder or prevent a criminal prosecution.  There is nothing in the contract by which the defendant, in seeking to regain his property, agreed to do anything except to pay the plaintiff for his services.  There is nothing apparent in the

contract having a tendency to induce either party to conceal anything or to bargain against a criminal prosecution. Compounding a criminal offense is illegal, but if the sole purpose of a contract is to recover property, even by a compromise of the civil liability, it is valid. The offense consists of perverting public justice in some way by making a bargain to allow the criminal to escape conviction or showing some favor to him for that purpose. 6 Am. & Eng. Ency. of Law, (2d ed.) 410; 8 Cyc. 493; *Ward* v. *Lloyd,* 46 Eng. C. L. 785; *Schrim* v. *Wieman,* 63 Atl. Rep. (Md.) 1056; *Schommer* v. *Farwell,* 56 Ill. 542; *Portner* v. *Kirschner,* 169 Pa. 472; *DeSteuben County Bank* v. *Mathewson,* 5 Hill, 249; *Plant* v. *Gunn,* 2 Woods, 372.

The defendant had a right to plead facts showing the contract to be invalid as against public policy or a statutory provision, and he attempted to do that by the eighth plea. That plea alleged that the plaintiff "knew of the whereabouts of divers moneys and personal property and effects, the subjects of larceny, the property of and rightfully belonging to the defendant, and that the said moneys and property belonging to the defendant aforesaid had been unlawfully and feloniously stolen and carried away from the dwelling house of the defendant under circumstances amounting to the commission of the crime of larceny thereof, and that the said moneys and property were wrongfully withheld from the defendant by divers persons, who the plaintiff then and there claimed were known to him and whose names and the whereabouts of said accused persons the plaintiff then and there unlawfully concealed from the defendant and from the magistrates then and there in the county of Cook and State of Illinois, contrary to the statute in such case made and provided, and further represented to the defendant that by reason of his knowledge, he, the plaintiff, was in a position to secure the return to the defendant of his said moneys and property so wrongfully withheld from him; and the defendant avers that the plain-

tiff, not then and there standing in the relation of husband or wife, parent or child, brother or sister to the offenders or either of them, and with the intention of promoting and controlling litigation between the defendant and divers persons respecting the moneys and property aforesaid, and with the intention of obtaining from the defendant as a compensation for information to be furnished by the plaintiff and used and acted upon, on which recovery may be made of the moneys and personal property of and to the defendant or in assisting to recover said moneys and property to the defendant, thereby then and there obtained the supposed writing without any good and lawful consideration therefor, contrary to the statutes in such case made and provided and for the purposes and upon the assurances aforesaid."

The plea presented no defense to the declaration. It twice pleaded some statute and attempted to allege facts bringing the contract within the statutory prohibition. Evidently one statute is the fourth section of division 2 of the Criminal Code, concerning accessories after the fact, which provides that every person not standing in the relation of husband or wife, parent or child, brother or sister to the offender, who knows the fact that a crime has been committed and conceals it from the magistrates, shall be deemed an accessory after the fact and punished. This must be the section referred to, because the fact alleged is concealment from magistrates contrary to the statute. But the plea fails to aver that the plaintiff did not stand in either of the relations defined by the statute. The offense created by that section is concealment of a crime, and the allegation of concealment contrary to the statute was concealment from the defendant and from the magistrates of the whereabouts of accused persons, and it was also fatally defective for failure to aver that, in fact, a crime had been committed. It is an essential prerequisite to the concealment of a crime that a crime shall have been committed, at least in the absence of a pending prosecution, and a plea is bad which

·fails to allege· either.   (*Columbia Lodge* v. *Manning,* 38
Atl. Rep. (N. J. Eq.) 444; *Catlin* v. *Henton,* 9 Wis. 476;
*Brittin* v. *Chegary,* 20 N. J. L. 625; *DeSteuben County
Bank* v. *Mathewson, supra.*)   In relation to the other sup-
posed statute, the plea averred that plaintiff did not stand·
in the relation specified in the statute concerning accessories
after the fact, but it appeared from the further facts stated
that the pleader had in mind the legality of a contract pro-
hibited by sections 26 and 27 of division 1 of the Criminal
Code, providing for the punishment of barratry and main-
tenance, or possibly referred to the common law offense of
champerty.   In either view, there was nothing in the plea
showing any agreement of the plaintiff to bear all or any
portion of the cost or expense of any litigation.   The law
requires that to make out a case of champerty it must be
shown that the costs and expenses of the suit, or some part
of them, are paid or agreed to be paid by one not a party
to the suit.   (*Newkirk* v. *Cone,* 18 Ill. 449; *West Chicago
Park Comrs.* v. *Coleman,* 108 id. 591; *Torrence* v. *Shedd,*
112 id. 466; *Phillips* v. *South Park Comrs.* 119 id. 626;
*Brush* v. *City of Carbondale,* 229 id. 144.)   The plea did
not even aver that the defendant believed the representation
that he was ·the victim of a larceny.

A replication, as finally amended, to the eighth plea first
took issue on a matter of inducement upon which an issue
of fact could not be formed, and then alleged that the plain-
tiff did not unlawfully ¯conceal from the defendant or the
magistrates the whereabouts of money and personal prop-
erty rightfully belonging to the defendant, and did not rep-
resent that by reason of his knowledge he was in position
to secure the return of the moneys and property, and did
not, with the intention of promoting and controlling liti-
gation and with the intention of obtaining compensation for
information on which a recovery might be had, obtain the
execution of the contract without any good and lawful con-
sideration, contrary to the statute.   It is said that this rep-

lication was double, but that was not a ground of demurrer to it. Another replication averred that the plaintiff did not agree to maintain or assist with money the prosecution of any suit or agree to pay the costs or expenses or any part thereof. It will be noticed that the replication first mentioned denied what the plea did not allege. The plea alleged that the plaintiff unlawfully concealed the names and whereabouts of the accused persons, and the replication denied that he concealed the whereabouts of the moneys, personal property and effects. The second replication denied what there was no occasion to deny, by saying that the plaintiff did not agree to pay any of the costs or expenses of any litigation,—a fact not alleged in the plea. The replications were defective for controverting matters not alleged in the plea, but the matters not denied, and therefore admitted, constituted no defense to the declaration. It was a case of defective replications to a defective plea, and a defective replication amounts to the same thing as a demurrer to the plea which it professes to answer. A demurrer to a pleading tests the sufficiency of all pleadings which precede the demurrer, and the court will not give judgment in favor of a party who is the first to commit an error. If a' motion had been made to carry the demurrer back to the plea it should have been sustained, but there was no motion, so that error cannot be assigned on the failure to carry the demurrer back, (*People* v. *Central Union Telephone Co.* 192 Ill. 307; *Town of Scott* v. *Artman,* 237 id. 394;) and there is no assignment of error on that ground. Where the facts set up in a plea constitute a defense to the cause of action alleged in the declaration and the plea remains unanswered, a judgment in bar against the plaintiff is proper. (*Weiss* v. *Binnian,* 178 Ill. 241.) The effect is the same as if an issue of fact had been made upon the plea and found for the defendant. (*Ward* v. *Stout,* 32 Ill. 399.) The plaintiff, by failing to demur to the plea and to stand by his demurrer if it should be overruled, and failing to

ask the court to carry the demurrer to his replication back to the plea, waived all formal defects in the plea, but his replication being adjudged insufficient, any defect in substance in the plea was not cured or any fact admitted which ought to have been stated in the plea to constitute a defense. As already shown, the plea was defective in matter of substance and did not allege facts which would be a defense to the cause of action set out in the declaration.

The municipal court erred in entering judgment on the plea and the Appellate Court erred in affirming the judgment. The judgments of the municipal court and Appellate Court are reversed and the cause is remanded to the municipal court.          *Reversed and remanded.*