UNION EXCHANGE NATIONAL BANK OF NEW YORK, Respondent, *v.* SAMUEL L. JOSEPH, Appellant.

**Duress — charge of crime — note given to stifle threatened prosecution — counterclaim demanding return of money paid thereon properly overruled — law will leave parties where it finds them.**

1. Where a victim of duress was at the same time a wrongdoer in stifling a charge of crime, the law will leave the parties where it finds them. The contract is not helped by the suggestion that the alleged wrongdoer may have been innocent. An agreement to suppress the evidence of a crime *alleged* to have been committed is as illegal as one to suppress the evidence or refrain from prosecuting a crime which had been in fact committed. (*Haynes* v. *Rudd*, 102 N. Y. 372, followed; *Steuben Co. Bank* v. *Mathewson*, 5 Hill, 249, overruled.)

2. A counterclaim in an action on a promissory note given by defendant, which alleges that plaintiff informed defendant that his brother-in-law was guilty of criminal misappropriation of its funds and threatened to arrest him and send him to prison unless it received the defendant's notes for the amount of the indebtedness, and that defendant, believing that the plaintiff would carry out its threats, executed the notes to save his brother-in-law from jail, and which demands judgment that payments made on such notes be returned, is properly overruled where nothing is set forth to rebut the presumption of an accusation honestly conceived and genuinely maintained.

*Union Exchange Nat. Bank* v. *Joseph*, 194 App. Div. 295, affirmed.

(Submitted April 22, 1921; decided May 31, 1921.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 17, 1920, which reversed an

order of Special Term overruling a demurrer to a counterclaim and sustained said demurrer.

The following question was certified: " Does the counterclaim contained in the defendant's answer herein upon its face state facts sufficient to constitute a cause of action? "

*Achilles H. Kohn* for appellant.   The facts set forth in the counterclaim are sufficient to justify a court or jury in finding that at the time the defendant made and paid the notes the plaintiff bank was so situated as to exercise and did exercise a controlling influence over the will, conduct and interest of the defendant and this is sufficient to constitute duress and undue influence and to justify the recovery of the money by the defendant from the plaintiff. (*Adams* v. *Irving Nat. Bank,* 116 N. Y. 606; *Lord* v. *Hamilton,* 51 S. W. Rep. 140; *Ingersoll* v. *Roe,* 65 Barb. 346; *Fountain* v. *Bigham,* 235 Penn. St. 35; *Loud* v. *Hamilton,* 51 S. W. Rep. 140; *Nebraska Mutual Bond Assn.* v. *Kleen,* 70 Neb. 383; *Snyder* v. *Willey,* 33 Mich. 483; *Bentley* v. *Robson,* 117 Mich. 691; *Scholey* v. *Mumford,* 60 N. Y. 498; *Cowley* v. *Fabien,* 204 N. Y. 566.)   The facts set forth in the counterclaim do not show an agreement to compound a felony.   (*Steuben Co. Bank* v. *Mathewson,* 5 Hill, 249; *Ingersol* v. *Roe,* 65 Barb. 346; *Smith* v. *Blachley,* 188 Penn. St. 515; *Adams* v. *Irving National Bank,* 116 N. Y. 606; *Schoener* v. *Lissauer,* 107 N. Y. 111; *International Harvester Co.* v. *Voboril,* 187 Fed. Rep. 973.)

*Everett B. Heymann* and *Jacob Schnebel* for respondent. Defendant's counterclaim alleges in effect the compounding of a felony; this is so even if, as asserted by defendant, the counterclaim avers in terms not that a crime actually was committed, but merely that plaintiff so stated. (*Conderman* v. *Trenchard,* 58 Barb. 165; *Catskill Nat. Bank* v. *Lasher,* 165 App. Div. 548; 221 N. Y. 551;

*Osborn* v. *Robbins*, 36 N. Y. 365; *State* v. *Carver*, 69 N. H. 216; *Chandler* v. *Johnson*, 31 Ga. 86.) A note given, either wholly or partly, for the purpose of compounding a felony, is an illegal contract and moneys paid thereon cannot be recovered back, notwithstanding that duress, undue influence or threats were employed to obtain such note. (*Haynes* v. *Rudd*, 102 N. Y. 372; *Doucet* v. *Mass. Bonding & Ins. Co.*, 180 App. Div. 599; *Strauss Linotyping Co.* v. *Schwalbe*, 159 App. Div. 347.)

CARDOZO, J. Plaintiff sues upon a promissory note. Defendant answers that there was duress, and counterclaims for the recovery of payments already made. No question is before us in respect of the adequacy of the answer considered as a defense. The point to be determined is the validity of the counterclaim.

The substance of the counterclaim is this: The defendant's brother-in-law, one Bloch, was bankrupt and the plaintiff's debtor. The plaintiff informed the defendant that Bloch was guilty of criminal misappropriation of its funds, and threatened to arrest him and send him to prison unless it received the defendant's notes for the amount of the indebtedness. The defendant believed that the plaintiff would carry out its threats. The pressure thereby exerted overpowered and constrained his will. He executed the notes to save his brother-in-law from jail, and to save his sister, Bloch's wife, from the shame of her husband's disgrace, and the loss of her sole support. The note in suit is one of a series on which payments have been made. The defendant asks judgment that the payments be returned.

We think the defendant, if a victim of duress, was at the same time a wrongdoer when he stifled a charge of crime. In such circumstances the law will leave the parties where it finds them (*Haynes* v. *Rudd*, 102 N. Y. 372). Neither is permitted to recover from the other. The contract is not helped by the suggestion that, for

all that appears, Bloch may have been innocent.   That issue, beyond doubt, would be irrelevant if prosecution had begun (*Gorham* v. *Keyes,* 137 Mass. 583, 584; *Steuben County Bank* v. *Mathewson,* 5 Hill, 249).   We are asked to hold otherwise where prosecution is merely threatened. Some cases do, indeed, give effect to that distinction. The prosecution once initiated, they say, must be left to take its course; the prosecution merely threatened, may be bought off, if directed against innocence.   COWEN, J., so held in 1843, upon a trial in the Supreme Court (*Steuben County Bank* v. *Mathewson, supra*).   His decision has been followed in some jurisdictions (*Manning* v. *Columbian Lodge,* 57 N. J. Eq. 338; *Schultz* v. *Catlin,* 78 Wis. 611; *Woodham* v. *Allen,* 130 Cal. 194; *Rieman* v. *Morrison,* 264 Ill. 279, 285; *Deere & Co.* v. *Wolff,* 65 Ia. 32), and rejected elsewhere (*State* v. *Carver,* 69 N. H. 216, 219; *Koons* v. *Vanconsant,* 129 Mich. 260; *Jones* v. *Dannenberg Co.,* 112 Ga. 426, 430).   We think it has not been law in this state since the ruling of this court in *Haynes* v. *Rudd (supra).*   There the plaintiff gave his note under duress to stifle a prosecution threatened, but not begun.   We approved a charge that " an agreement to suppress the evidence of a crime *alleged* to have been committed " was as illegal as one " to suppress the evidence or refrain from prosecuting a crime which had been in fact committed."   In so far as *Steuben County Bank* v. *Mathewson* is to the contrary, it was thereby overruled.

The principle thus vindicated is simple and commanding.   There is to be no traffic in the privilege of invoking the public justice of the state.   One may press a charge or withhold it as one will.   One may not make action or inaction dependent on a price (*Jones* v. *Merionethshire Bldg. Society,* 1892, 1 Ch. 173, 183).   The state has, indeed, no interest to be promoted by the prosecution of the innocent (*Steuben County Bank* v. *Mathewson, supra,* at pp. 252, 253; *Manning* v. *Columbian Lodge,*

*supra*). That consideration, if it were controlling, is as applicable to agreements to discontinue as to agreements to abstain. The state has an interest, however, in preserving to complainants the freedom of choice, the incentives to sincerity, which are the safeguards and the assurance of the prosecution of the guilty (*Gorham* v. *Keyes, supra; Partridge* v. *Hood,* 120 Mass. 403, 405; *Jones* v. *Dannenberg Co.,* 112 Ga. 426, 430, 431; *Keir* v. *Leeman,* 6 Q. B. 308). Innocence will strangely multiply when the accuser is the paid defender. In such matters, the law looks beyond the specific instance, where the evil may be small or nothing. It throttles a corrupting tendency.

We are urged in apportioning the blame to allot a heavier weight of guilt to the plaintiff who exacted than to the defendant who complied. The same argument was pressed in *Haynes* v. *Rudd* (102 N. Y. 372, reversing 30 Hun, 237). We found no inequality sufficient to set the law in motion at the suit of knowing wrongdoers to undo a known wrong (102 N. Y. at p. 377). They had chosen to put private welfare above duty to the state. The state would not concern itself with the readjustment of their burdens unless for some better reason than the fact that indifference to duty had followed hard upon temptation. Excuse would seldom fail if temptation could supply it. We think the case at hand is controlled by that decision. *Schoener* v. *Lissauer,* 107 N. Y. 111, (not to dwell on other elements of difference) was a suit by heirs at law, themselves innocent of wrongdoing, for the cancellation of a mortgage, a cloud upon their title (p. 116). Here the suppliant for relief is himself the author of the wrong. In following *Haynes* v. *Rudd* upon facts substantially identical, we do not exclude the possibility that variant degrees of mitigation may permit variant conclusions. A different question would be here, for illustration, if the charge of crime had been put forward in bad faith, without reasonable

foundation or genuine belief. Innocence maintaining its good repute against mere malice and oppression might move us to view with charity its methods of defense (Cf. *Richardson* v. *Crandall*, 48 N. Y. 348, 363). A charge without foundation in belief is a charge in name only, a snare and a decoy. Nothing in the defendant's counterclaim suggests this mitigation of his offense. Nothing is here set forth to rebut the presumption of an accusation honestly conceived and genuinely maintained. The law does not tolerate the bargain which stifled it for pay.

The order should be affirmed, with costs, and the question certified answered in the negative.

HISCOCK, Ch. J., CHASE, HOGAN, POUND, McLAUGHLIN and ANDREWS, JJ., concur.

Order affirmed.