ELLA M. CUSHING, Plaintiff, *v.* ELIZABETH HUGHES and Others, Defendants.

Supreme Court, Steuben County, June, 1922.

**Mortgage — mother mortgaging property to protect daughter who spent money advanced to her in contemplation of marriage and married another man — foreclosure — mortgage void being in excess of money advanced to daughter and made under constraint — complaint dismissed.**

Money advanced in consideration of a promise to marry, subsequently broken, may be recovered back.

The daughter of the principal defendant had been corresponding with and had promised to marry plaintiff's assignor, who before said daughter's marriage to another had sent her two drafts for $500 each and one for $300, the latter being cashed by her after her marriage. Her mother executed a mortgage to plaintiff's assignor for a sum in excess of the amount so advanced by him, but no present consideration passed between the mortgagor and mortgagee. In an action to foreclose the mortgage, *held,* that in the circumstances there had not been a fair settlement of the debt due from the daughter of the mortgagor to the mortgagee.

The fact that the mortgage was given for a larger sum than was owing by the mortgagor's daughter to the mortgagee evidenced that there was some constraint and that the parties were not meeting on equal terms; hence, the mortgage was void and whether the mortgagor's daughter was or was not guilty of larceny in obtaining money by false pretenses made no difference.

Both of the parties to the mortgage, if they believed that a crime had been committed, were wrongdoers in agreeing to stifle a criminal prosecution and the law will leave them where it finds them.

Judgment in favor of defendant for a dismissal of the complaint.

ACTION to foreclose a mortgage.

*Babcock & Gregg,* for plaintiff.

*Wilmot E. Knapp,* for defendant Elizabeth Hughes.

CUNNINGHAM, J. This action was brought to foreclose a mortgage dated March 8, 1919, executed by the defendant Elizabeth Hughes to Arthur H. Paul, to secure the sum of $1,698.45 and assigned by Paul to the plaintiff.

The defendant Elizabeth Hughes claims that there was no consideration for the execution and delivery of the mortgage and that the same was not her voluntary act but was induced by coercion and duress.

Supreme Court, June, 1922.                    · [Vol. 119

The defendant has a daughter, Elizabeth K. Hill, who was married to Ralph R. Hill in December, 1918. Before her marriage she had been corresponding with Arthur H. Paul and had promised to marry him. At the time of the trial Paul was forty-six years old and Mrs. Hill was thirty-three years of age. Paul was living in Santo Domingo and before her marriage he sent Mrs. Hill $1,300, two drafts for $500 each and one for $300, the latter being cashed by Mrs. Hill after her marriage to Mr. Hill. Mrs. Hill notified Paul of her marriage and he then came to Elmira, where Mrs. Hughes and her daughter reside. Mr. Paul then consulted an attorney and with him had several conversations with the defendant Elizabeth Hughes and her daughter, Mrs. Hill, as a result of which Mrs. Hughes executed the mortgage upon which suit is brought.

The money having been given to Mrs. Hill in consideration of her promise of marriage, and Mrs. Hill having broken such promise, Paul was entitled to recover from her the money so advanced. *Antaramian* v. *Ourakian,* 118 Misc. Rep. 558.

The mortgage was given for $398.45 more than the amount of money advanced to Mrs. Hill by Paul — this difference consisted of his expenses in coming from Santo Domingo to Elmira. Under the circumstances, it seems to me that this was not a fair settlement of the debt due from Mrs. Hill to Paul.

No consideration passed from Paul to Mrs. Hughes upon the execution of the mortgage and the only good consideration that could be presumed would be that love and affection for her daughter induced her to assume the latter's indebtedness and to give security for its payment. It thus becomes necessary to consider whether the execution and delivery of the mortgage was the voluntary act of the defendant Mrs. Hughes.

The attorney employed by Mr. Paul testified that, after consulting with him, he came to the conclusion that Mrs. Hill had obtained money from Paul under pretense that she was going to marry him and that she had cashed a draft after her marriage and that she obtained the money under false pretenses. He admits that he said to Mrs. Hughes and Mrs. Hill, " Mrs. Hill, you know very well that you cashed this $300 draft after you were married to Mr. Hill — you know it is a rather serious thing to do a thing like that, don't you? " He also admits that he told Mrs. Hill that she had committed a very serious offense in cashing the last draft after she was married. In his opening to the court he did say that Mrs. Hill had obtained this money under false pretenses. In his brief filed upon the submission of this action. after referring to the facts, he says: " If all this did not constitute obtaining money under false pretenses it is difficult to imagine

such a situation." Also, " that she (Mrs. Hill) must be presumed to have known that there is a criminal liability for obtaining money fraudulently and that she was, consequently, in danger of criminal prosecution."

Paul says that his attorney called Mrs. Hill on the telephone and told her he expected some sort of a settlement. Mrs. Hill, who had just returned from the hospital with a newly-born baby, asked him and Mr. Paul to come over. Mr. Paul says that he told Mrs. Hill that she had deliberately and maliciously defrauded him of this money. Mrs. Hughes, whose husband was out of the city, the next day executed a mortgage on a farm located in Steuben county.

It is evident that Paul's attorney had it firmly fixed in his mind that Mrs. Hill had been guilty of a crime and was liable to criminal prosecution and that he so advised Mr. Paul. Although the witnesses differ as to the details of the conversation leading up to the execution of the mortgage, it is not necessary to pass upon the credibility of the testimony of the different witnesses and to determine the exact words used by the parties in these negotiations. I am convinced that the impression was conveyed to Mrs. Hughes that her daughter had committed a crime and that she was liable to criminal prosecution therefor and that the only way prosecution could be avoided was by the settlement of Paul's claim against Mrs. Hill; that Mrs. Hughes believed that her daughter would be prosecuted criminally and that in order to avoid such prosecution she executed the mortgage; that such act was not voluntary but the fear of prosecution of her daughter constrained the will of Mrs. Hughes and induced her to sign the mortgage. The fact that the mortgage was given for a larger sum than was owing by Mrs. Hill to Paul shows that there was some constraint and that the parties were not meeting on equal terms. A mortgage given under such circumstances is void and it makes no difference whether or not Mrs. Hill was guilty of a crime and liable to criminal prosecution. Williston Cont. §§ 1612, 1613; *Adams* v. *Irving Nat. Bank*, 116 N. Y. 606; *Union Exchange Nat. Bank* v. *Joseph*, 231 id. 250.

The defendant asks that the mortgage be canceled of record and that the plaintiff be directed to deliver same to her.

If the parties believed that a crime had been committed, they ·both were wrongdoers in agreeing to stifle prosecution and the law will not aid them but will leave them where it finds them. *Union Exchange Nat. Bank* v. *Joseph, supra.*

Judgment ordered in favor of the defendants dismissing the complaint, without costs.

· Judgment accordingly.