PHILIP ROLLIN, Respondent, *v.* GRAND STORE FIXTURE Co., INC., and Others, Appellants.*

First Department, December 5, 1930.

---

* Revg. 137 Misc. 888.

*Morris W. Vogel* [*Max Thaler* with him on the brief], for the appellants.

*Harold S. Glendening* of counsel [*Rabenold & Scribner*, attorneys], for the respondent.

FINCH, J.   Plaintiff has obtained a judgment after a trial at Special Term directing the cancellation of twenty-eight promissory notes deposited in escrow by the plaintiff in payment of store fixtures and services to outfit a drug store which the corporate defendant contracted to furnish, canceling a chattel mortgage and conditional sales agreement covering these fixtures, and awarding to the plaintiff damages for the failure of the defendants completely to perform the contract.   Defendants appeal.

Plaintiff is the owner of a retail drug store.   On August 21, 1928, he entered into an agreement with the defendant corporation, of which the defendant Cohen is president and general manager, and of which the defendant Pollane was then the attorney.   By this contract the corporation was to install certain fixtures in the drug store, as itemized in the agreement.   Plaintiff paid $200 as a deposit.   The agreement further provided that the work was to be completed within three weeks from the date thereof, otherwise defendant Grand Store Fixture Co., Inc., agreed to pay to plaintiff the sum of $200 as damages for the delay.

The work described in the agreement was not completed within the three weeks, although plaintiff endeavored to induce the defendant corporation to proceed with the contract.   On October 3, 1928, some additional chattels were received by the plaintiff and the plaintiff paid an additional $150 to the defendant corporation. The defendant corporation still failed to complete the work and all

the chattels were not delivered, nor was the work completed on October thirtieth. On that date a new agreement was made, by which the defendant corporation admitted the non-completion of the work called for in the agreement of August 21, 1928, and agreed to complete all the work within two weeks, namely, on or before November 13, 1928. Under this agreement the plaintiff agreed to deliver to the defendant William Pollane, then the attorney for the defendant corporation, a check for $150, to be paid by him to the defendant corporation, and twenty-eight promissory notes for $50 each, aggregating $1,400, to become due and payable at monthly intervals, beginning December 15, 1928. The check was delivered to the corporate defendant and the twenty-eight notes, duly executed, were delivered to the defendant Pollane and were received in escrow by him to be delivered when the work was completed in accordance with the agreements.

The work was not completed on or before November thirteenth and has never been completed by the defendant corporation. Accordingly, the plaintiff gave notice in writing to the defendant corporation of the default and that he would be compelled to have other contractors complete the work and would hold the defendant corporation liable for breach of the contract. Plaintiff then engaged other contractors to do the work. Plaintiff paid $402 for the completion of the glass work, $90.70 for the electrical work, $64.20 for the ladders and $75 for the carpentry, a total of $631.90.

Although all the defendants had notice that the notes were delivered in escrow, nevertheless about the middle of November the notes were removed from the office of the attorney, William Pollane, and reached the possession of the defendant corporation and the defendant Samuel D. Cohen. Defendant Cohen thereafter negotiated the notes to one Dr. Smul on or about the 21st day of November, 1928. On December 12, 1928, the plaintiff demanded the return of the notes from the defendant Pollane. On December fifteenth one of the notes was presented to the plaintiff for payment by Dr. Smul. On December 21, 1928, this action was commenced by the plaintiff and a preliminary injunction obtained restraining these defendants from the negotiation of the notes. On the 27th day of December, 1928, after the commencement of this action, the notes were returned to the defendant Cohen by Dr. Smul, because the latter did not want to be a party to this suit. The notes were then delivered in escrow by the defendant Cohen to the attorneys for the plaintiff, Rabenold & Scribner.

The amended answer of the defendant corporation denied the breach of contract upon its part, alleged as a defense the return of the notes to plaintiff, and by way of counterclaim demanded the

return of the chattels installed in plaintiff's premises upon the ground that plaintiff had defaulted upon the conditional sales agreement covering said chattels.

After a trial the court awarded the plaintiff $631.90 for work contracted for but omitted by the defendants, $200 the stipulated damage for the delay, $279.98 for disbursements and $1,500 counsel fee. From this total the court subtracted the full amount of the notes, namely, $1,400.

It is settled by the authorities that between the immediate parties to an action the plaintiff is limited to the costs fixed by statute. (*Bishop* v. *Hendricks*, 82 Hun, 323; affd., 146 N. Y. 398.) In consequence, the plaintiff should not have been granted the award of $279.98 for disbursements, nor the $1,500 for counsel fees.

We come now to the question whether the defendant is entitled to any allowance for the value of the chattels installed in the premises of the plaintiff, these chattels having been furnished and installed by the defendant corporation under a conditional sale agreement whereby title in said property was expressly reserved in the defendant corporation pending full payment of the agreed contract price of $1,900.

Concededly the corporate defendant failed substantially to perform the contract as a part of which the fixtures were furnished. Were this an action at law, said defendant would be entitled to no recovery for such partial performance of the contract. (*Fraenkel* v. *Friedmann*, 199 N. Y. 351.) The plaintiff, however, has not sued at law, but has come into a court of equity with a prayer for equitable relief against the defendants. Being in equity, the relief awarded plaintiff must be in accordance with equitable principles. Plaintiff seeking equity must do equity. Plaintiff has received the chattels and had the work performed, for all of which he agreed to pay the corporate defendant $1,900, at a total cost to the plaintiff of $1,131. To this plaintiff is entitled to add $200, stipulated damage for delay, thus making in all $1,331. Manifestly it would be inequitable to grant the relief prayed for by the plaintiff, *i. e.*, the cancellation of the $1,400 of notes and the transfer to the plaintiff of the title to the chattels, without, as a condition of such relief, requiring the plaintiff to pay to the defendant the difference between the agreed contract price of $1,900 and $1,331, the cost to the plaintiff of this identical work, or the sum of $569. In this way only can both the parties be made whole, and a forfeiture, always abhorrent to equity, be avoided. When the plaintiff prayed for equitable relief, he abandoned defenses technically good at law but bad in equity. As was well said by Mr. Justice KELLOGG in *People* v. *Freeman* (110 App. Div. 605, 608): "When a party comes into

a court of equity for relief from his default in not paying money according to his contract, as a condition for the relief he must pay in money and not by pleading the Statute of Limitations."

It follows that the judgment appealed from should be reversed, the notes and conditional sales contract and mortgage canceled, and judgment granted for the defendant Grand Store Fixture Co., Inc., in the sum of $569, without costs.

DOWLING, P. J., MERRELL, McAVOY and SHERMAN, JJ., concur.

Judgment reversed, with costs, the notes and conditional sales contract and mortgage canceled, and judgment granted for defendant Grand Store Fixture Co., Inc., in the sum of $569, without costs. Settle order on notice. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded.