JOSEPH CANTALES, Plaintiff, *v.* OSWALDO MAZZEI et al., Defendants.

Supreme Court, Special Term, Bronx County, August 8, 1947.

*Vincent A. Giaquinto* for plaintiff.

*Eugene M. Kline* for defendants.

CORCORAN, J.   The complaint herein alleges breach of a written contract of employment between plaintiff and defendant.   The defendant's answer contains an affirmative defense that the agreement was founded on an illegal consideration and is unenforcible.   The plaintiff moves to strike out this defense as insufficient in law.

The facts alleged in the affirmative defense are as follows: Defendant had placed some $28,000 worth of negotiable bonds in the hands of plaintiff's daughter, Alba Cantales.  She refused to return the bonds on the demand of the defendant who thereupon caused her to be arrested on a charge of grand larceny. Miss Cantales then threatened the defendant with criminal prosecution for conspiring with another person to have her wrongfully arrested.  Miss Cantales and the defendant settled the matter by each agreeing to withhold prosecution of the other and by each taking half of the bonds in dispute.  As part of this " settlement " defendant agreed to employ Miss Cantales' father, the plaintiff herein, and to enter into the written agreement now in suit.

The answer alleges that the plaintiff was fully apprised of these facts and signed the written agreement " with full knowledge of such facts."

The plaintiff claims the defense is insufficient because it does not allege that a crime actually had been committed or that a prosecution had actually been begun.  It has been the law of this State since *Haynes* v. *Rudd* (102 N. Y. 372) that there is no distinction between the agreement to suppress the evidence of a crime *alleged* to have been committed and an agreement to suppress evidence of or to refrain from prosecuting a crime which had in fact been committed.  In both cases the consideration is illegal. (*Union Exchange Nat. Bank* v. *Joseph,* 231 N. Y. 250.)

Nor are we impressed by plaintiff's argument that, since plaintiff was not involved in the criminal charges and counter-charges and did not participate in the " settlement ", the defense is insufficient as against him. The answer alleges that the plaintiff had full knowledge of the facts when he signed the written agreement in suit. For the purposes of this motion, we must assume such allegation to be the fact. Upon such assumption, the whole transaction was colored by the agreement to bargain with public justice. A party should not be permitted to benefit by an agreement which he knew was the result of a corrupt arrangement.

Motion to strike out the affirmative defense is denied.