**CRYLON STEEL COMPANY, a corporation of the State of New Jersey, Plaintiff,**

v.

**Rudo S. GLOBUS, a citizen of the State of New York, d/b/a The Globus Company and Commercial Investment Corporation, a corporation of the State of Alabama, Defendants.**

United States District Court
S. D. New York.

Aug. 8, 1960.

Sidney M. Gewanter, New York City, for plaintiff.

Philip Handelman, New York City, for defendant, Rudo S. Globus.

Hodges, Reavis, McGrath & Downey, New York City, for defendant, Commercial Investment Corp., Frederick R. Adler, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

This is an interpleader action brought under 28 U.S.C. §§ 1335, 1397 and 2361. Plaintiff Crylon Steel Company (Crylon) is a New Jersey corporation. Defendant Commercial Investment Corporation (C.I.C.) is a Delaware corporation. Defendant Rudo S. Globus, doing business as The Globus Company (Globus) is a citizen of New York. Answers have been filed by both defendants containing counterclaims against plaintiff and cross-claims against one another.

Defendant C.I.C. now moves for summary judgment, pursuant to Rule 56, F.R.Civ.P., 28 U.S.C., to recover from plaintiff Crylon $50,100 deposited by Crylon with the clerk of the court, and for judgment on one of its cross-claims against Globus for the sum of $50,000, plus interest at 8%.

The facts are as follows:

The Crylon complaint alleges, in brief, that Crylon borrowed $50,000 from Globus on its simple negotiable note to his order in this amount which became due on February 10, 1960. At about the same time Globus borrowed $50,000 from C.I.C. upon his note to the order of C.I.C. Some time thereafter, on C.I.C.'s demand, Globus endorsed the Crylon note to C.I.C. as security for the C.I.C. loan to him. When the Crylon note became due C.I.C. demanded that Crylon pay the amount due to it. Globus, on the other hand, represented to plaintiff that C.I.C. had no legal right to possession of the Crylon note or to collect its proceeds, demanded that Crylon pay the amount due to him, and threatened suit against Crylon for the amount due in the event plaintiff honored the note in the hands of C.I.C.

Faced with these conflicting and mutually exclusive demands Crylon brought this action of interpleader and has paid the sum of $50,000 due on its note, plus accrued interest of $100, into the registry of this court.

The Globus answer admits that Crylon borrowed $50,000 from him, that he borrowed $50,000 from C.I.C., and that he endorsed and delivered the Crylon note to C.I.C. However, he denies that the Crylon note is payable to C.I.C. and asserts that it is payable to him and that he has demanded payment from Crylon.

In a counterclaim against the plaintiff and a cross-claim against C.I.C. Globus alleges that he endorsed and delivered the Crylon note to C.I.C. without consideration because C.I.C. was being investigated "by certain governmental authorities" and since his note to C.I.C. was not secured C.I.C. asked him for the Crylon note as purported security for its loan to him. This transaction was merely a sham designed to last only until the governmental investigation was complete. He alleges that C.I.C. falsely represented to him that in two weeks' time, after completion of the investigation, the Crylon note would be returned to him but has refused to return it.

As to his own indebtedness to C.I.C. Globus claims that the transaction is usurious under New York law since interest is payable at 8% instead of the maximum of 6% permitted in this state, and that the note is therefore unenforcible. He seeks judgment for the $50,100 deposited by Crylon with the court and

an adjudication that his note to C.I.C. is void and unenforcible.

The C.I.C. answer contains a number of separate defenses and counterclaims, only one of which is pertinent on this motion. A counterclaim against plaintiff and cross-claim against Globus alleges in substance the respective loans from Globus to Crylon and from C.I.C. to Globus and the endorsement and delivery of the Crylon note by Globus to C.I.C. as security for the Globus note. It alleges that the Globus note is payable in Alabama and is valid and legal under the laws of that State and that it is presently due and payable.

It seeks judgment against Crylon for the amount deposited with the clerk in discharge of the Crylon note and against Globus for the amount of the Globus note with interest.

It is upon this counterclaim and cross-claim that C.I.C. seeks summary judgment.

Two questions are involved.

One relates to the claim of Globus that his note to C.I.C. is usurious and unenforcible under the law of New York. It appears from a copy of the Globus note annexed to the answer of C.I.C. that it was payable at the principal office of C.I.C. in Mobile, Alabama.[1] This is supported by the moving affidavit and Globus does not attempt to deny that this is so or to support the unsworn allegation in his answer that the note is payable in New York. There is no genuine issue of fact on the place of payment of the Globus note.

■ In Alabama a written note may bear interest at 8% per annum and such a rate is not usurious. Alabama Code (1940) Title 9, § 60; Blackford v. Commercial Credit Corp., 5 Cir., 263 F.2d 97, 112. The obligation for principal and interest on such a note is enforcible under Alabama law.

■ In this federal interpleader action the conflicts of law rules of the forum apply, in this case New York. Griffin v. McCoach, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481.

■ ■ The New York law is in accord with the general rule that a transaction may not be attacked as usurious if it is valid under the law of any jurisdiction having appropriate contacts with it. The place of payment of a note is such an appropriate contact. Jewell v. Wright, 30 N.Y. 259; Dickinson v. Edwards, 77 N.Y. 573. No later cases questioning this rule have been called to my attention nor have I found any.[2]

Since the Globus note was payable in Alabama and was valid under Alabama law there is no merit in the contention that it was usurious or unenforcible.

The second question relates to the claim of Globus that he is entitled to payment of the Crylon note which is presently in the hands of C.I.C.

■ In support of this claim Globus alleges in his answer[3] that he endorsed the Crylon note and delivered it to C.I.C. with the express purpose of deceiving a "governmental authority" which was investigating C.I.C. and making it believe that C.I.C. held security for its loan to

---

1. The C.I.C. affidavit that Alabama is C.I.C.'s principal place of business stands unchallenged. Globus in his answer alleges that C.I.C. does business in New York but this is contradicted by another allegation of the same answer that a prior suit by Globus to recover the Crylon note from C.I.C. was dismissed on the ground that C.I.C. was not present in New York.

2. Auten v. Auten, 308 N.Y. 155, 124 N.E. 2d 99, 101, 50 A.L.R.2d 246, which adopts the "center of gravity" approach to contracts conflict questions does not disturb the rule. The overwhelming weight

of authority views usury as a special conflicts problem and will apply any appropriate law which would sustain the transaction. Fahs v. Martin, 5 Cir., 224 F.2d 387, 397. See Seeman v. Philadelphia Warehouse Co., 274 U.S. 403, 47 S. Ct. 626, 71 L.Ed. 1123. Even were I to regard the question open in New York I would follow the Seeman case.

3. Globus carefully refrains from repeating such allegations in his affidavit on this motion and contents himself with the statement that his attorney advises him that C.I.C. must disprove the allegations of his answer.

Globus.[4] Globus seeks the aid of this court to have the Crylon note returned to him and his endorsement to C.I.C. cancelled.

It is clear that, in New York, Globus' claim is of an equitable nature. Rollin v. Grand Store Fixture Co., 231 App.Div. 47, 246 N.Y.S. 371. It is a cardinal principle of equity that one who is in pari delicto in what amounts to a fraud on the public may not seek recovery of property from the other participant in the fraud. Union Exchange National Bank of New York v. Joseph, 231 N.Y. 250, 131 N.E. 905, 17 A.L.R. 323; Cushing v. Hughes, 119 Misc. 39, 195 N.Y.S. 200; Rudnick v. Vassar, Sup., 43 N.Y.S.2d 542; Cf. Schermerhorn v. De Chambrun, 2 Cir., 64 F. 195.

On its face the bald allegation in the Globus answer that he was a participant in a scheme by C.I.C. to deceive governmental authorities can only mean that he had a deliberate purpose to aid in and was in pari delicto with an attempt by C.I.C. to violate state or federal laws designed to protect the public. Under such circumstances Globus may not have the aid of a court of equity to recover the Crylon note from C.I.C. or to cancel his endorsement.

■ Where, as here, a transaction is a fraud upon the public and is contrary to public policy and the principles of decent and moral conduct, the courts will leave the parties where it finds them. "If such a contract be executory, it will refuse to enforce the contract; if executed, it will refuse to disturb the result." Flegenheimer v. Brogan, 259 App.Div. 347, 19 N.Y.S.2d 343, 345, affirmed 284 N.Y. 268, 30 N.E.2d 591, 132 A.L.R. 613. See, also, Rutkin v. Reinfeld, 2 Cir., 229 F.2d 248.

Thus, even accepting the allegations of the Globus answer as true it appears from its face that Globus has no enforcible claim against C.I.C. for the return of the Crylon note and no right to payment of the note from Crylon.

With these two questions determined the resolution of the problems presented by the motion for summary judgment and the fashioning of a decree which finally settles the rights of all three parties become relatively simple.

The allegations of Globus as to the delivery of the Crylon note to C.I.C. do not bar recovery by C.I.C. against Crylon and, indeed, Crylon does not seek to avail itself of them. C.I.C., as the holder of the Crylon note, is entitled to judgment against Crylon for the sum of $50,100, the amount paid by Crylon into the registry of the court in discharge of its note obligation.

However, C.I.C. concededly holds the Crylon note only as security for the unpaid Globus note. The payment of the Crylon note to C.I.C. reduces the obligation of Globus to C.I.C.'s note by the amount received from Crylon.

Except to the extent of such reduction of his obligation to C.I.C. Globus has no defense to the cross-claim of C.I.C. on his valid and enforcible note to C.I.C.'s order. Thus C.I.C. is entitled to judgment against Globus upon its cross-claim for the amount of the Globus note, plus unpaid interest thereon from July 1, 1959, less the sum of $50,100 to be received from Crylon by way of payment of security.

The decree should further provide that the clerk of the court will be directed to pay the sum deposited by Crylon to C.I.C. and that upon such payment Crylon will be discharged from this suit and from all obligations upon such note either to C.I.C. or to Globus. C.I.C. will have judgment against Globus for the balance remaining due for interest and it will be provided that the Globus note shall be discharged upon payment of such judgment.

It may be noted that this is in essence the same result as would have been reached had Globus been entitled to the return of the Crylon note by C.I.C. since his usury defense to the claim of C.I.C. on his own note is without merit.

4. In fairness it should be noted that C.I.C. is now under new and different management.

It should further be noted that C.I.C. has agreed to abandon all other cross-claims and counterclaims contained in its answer if its motion for summary judgment is granted, and that in such event Crylon has also agreed to waive the claims in its complaint for costs and attorney's fees. The decree will contain appropriate provisions disposing of such matters.

Settle decree on ten days notice.