Reddy v Mihos (2018 NY Slip Op 02565)





Reddy v Mihos


2018 NY Slip Op 02565


Decided on April 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2018

Acosta, P.J., Friedman, Webber, Oing, Moulton, JJ.


651100/13 4728 4727

[*1]Chittemma Reddy, Plaintiff-Respondent,
v
Evangelos Mihos, Defendant-Appellant, Omer Hodzic, Defendant.


John Carlson, Merrick, for appellant.
The Law Office of Sidney Baumgarten, New York (Sidney Baumgarten of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert D. Kalish, J.), entered October 18, 2016, in favor of plaintiff and against defendant Evangelos Mihos, and bringing up for review an order and judgment (one paper), same court and Justice, entered April 21, 2016, as amended by order, same court and Justice, entered on or about October 7, 2016, which, to the extent appealed from as limited by the briefs, granted plaintiff's renewed motion for summary judgment on her cause of action to enforce a guaranty, and denied Mihos's cross motion for summary judgment dismissing that cause of action, unanimously reversed, on the law, without costs, the judgment vacated, plaintiff's renewed motion denied, and Mihos's cross motion granted. The Clerk is directed to enter judgment dismissing the complaint as against Mihos. Appeal from the aforesaid order and judgment (one paper), unanimously dismissed, without costs, as subsumed in the appeal from the final judgment.
Mihos, an attorney, represented plaintiff, an experienced real estate investor, in real estate transactions for more than a decade. In 2009, Mihos informed plaintiff of an opportunity to make a loan, secured by a mortgage on real property, to a corporation (3058 Godwin) owned by defendant Omer Hodzic, another client of Mihos. In June 2009, plaintiff lent 3058 Godwin the sum of $200,000 at an annual interest rate of 15.75%, with payment of principal to become due in June 2011. After the first several monthly interest payments were timely made, the loan went into default when 3058 Godwin's checks for the months of March and April 2010 were dishonored. At that point, according to Mihos's affidavit, plaintiff "began calling me incessantly about the dishonored checks from Mr. Hodzic's company and complained that she was going to lose her money, and she blamed me. She made outlandish threats about going to the district attorney and told me that this was another Madoff.'" Mihos further avers: "[Plaintiff] demanded that I personally repay her. I decided that one way to appease her and get her to calm down was to offer to sign a guaranty. I was confident I could find her a way out of the deal she was in . . . ." Thereafter, Mihos prepared, signed and delivered to plaintiff a written "Guaranty of Payment," dated May 7, 2010 (the guaranty), which states:
"In the event [plaintiff] fails to receive the principal sum of $200,000.00 from [3058 Godwin], Omer Hodzic or otherwise, then in such event, I Evangelos Mihos . . . hereby guarantee to pay the principal sum of $200,000.00 to [plaintiff] on, or before, May 7, 2012."
At his deposition, Mihos testified that he gave the guaranty "reluctan[tly] at a moment of weakness. [Plaintiff] kept . . . badgering me, crying, blaming me . . . and kept badgering me until [*2]I folded to sign this to appease her, pretty much, to pacify her." Mihos further testified that plaintiff "said she wanted something in writing. You have to promise, I don't lose my money. You have to promise, I want you to put something in writing, you have to guarantee now, you have to — so her constant badgering and I executed the document based on her badgering."
Plaintiff's account of how the guaranty came about, as set forth in her affidavit, is as follows: "When I confronted [Mihos] and requested an explanation [of the default], he became visibly upset. Of his own accord, and without any suggestion from me, [Mihos] prepared and gave to me, on or about May 7, 2010, the written and signed [guaranty]." In a supplemental affidavit executed after Mihos was deposed, plaintiff stated that "there never was a time that I badgered' him or pressured him for anything. The suggestion that he signed the guaranty under some sort of coercion is absolutely preposterous and untrue" (paragraph break omitted).
In October 2012, 3058 Godwin's property was sold in a foreclosure action brought by the senior mortgagee. The proceeds of the foreclosure sale were insufficient to pay any of the outstanding balance on plaintiff's junior mortgage loan, which included the entire principal amount of $200,000. Mihos refused plaintiff's subsequent demand that he make payment on the guaranty.
In March 2013, plaintiff commenced this action against Mihos and Hodzic. Her verified complaint sets forth the following four causes of action: (1) against Mihos, for negligence and malpractice in "fail[ing] . . . to properly investigate and determine the amount of risk" involved in the loan (first cause of action); (2) against Mihos, for recovery upon the guaranty (second cause of action); (3) against Mihos and Hodzic, for fraud in inducing plaintiff to make the loan (third cause of action); and (4) against Mihos, for malpractice in connection with the foreclosure (fourth cause of action). Mihos answered the complaint and asserted a number of affirmative defenses, including the defenses that "[t]here was no consideration for the guaranty" and that the guaranty was not enforceable under General Obligations Law § 5-1105.[FN1]
In January 2014, plaintiff moved for summary judgment on her claim for payment under the guaranty. Supreme Court denied that motion in May 2014. Thereafter, Mihos was deposed, and plaintiff withdrew all of her claims other than the second cause of action, the claim for recovery on the guaranty.
In December 2015, plaintiff renewed her motion for summary judgment on the guaranty claim, her sole remaining cause of action. As to the question of the consideration for the guaranty, plaintiff's counsel argued that it could be "infer[red]" that the consideration for the guaranty was plaintiff's "forbearance in reporting [Mihos] to the Departmental Disciplinary Committee, as well as forbearing in bringing this lawsuit." Plaintiff herself, however, nowhere mentioned such forbearance in either of the two affidavits by her that were submitted in support of the renewed motion.
Mihos opposed plaintiff's renewed motion for summary judgment on the guaranty claim and cross-moved for summary judgment dismissing the claim. He argued, among other things, that the guaranty was not enforceable because plaintiff gave no consideration in exchange for it. In this regard, Mihos noted that plaintiff's original making of the loan did not constitute consideration for the guaranty, because the loan, which had been made in the past, was not expressed as consideration in the guaranty, as General Obligations Law § 5-1105 requires for past consideration to be valid.
Supreme Court granted plaintiff's motion and denied Mihos's cross motion. The court observed that "the sole issue of contention between the [p]arties as to the enforceability of the [*3]guaranty is whether or not the guaranty was based upon consideration." The court found that the guaranty was supported by consideration because, in the court's view, "[t]he clear implication [of the guaranty was] . . . that [plaintiff] would not pursue any legal action for two years, as she was in possession of a guaranty of payment on or before said time. In effect, Mr. Mihos [was] . . . given a two year reprieve from legal action by [plaintiff] by virtue of the guaranty." Noting Mihos's allegation that plaintiff had threatened to report him to the district attorney, the court found that the guaranty "gave Mr. Mihos an opportunity to resolve the underlying issue without risk of [plaintiff] pursuing a criminal action or civil action for two years from the date he prepared and entered into the guaranty." On Mihos's appeal from the judgment entered pursuant to the court's decision, we reverse and grant Mihos's cross motion for summary judgment dismissing the claim based on the guaranty.
Initially, we note that General Obligations Law § 5-1105, which, as previously noted, requires that past consideration for a promise in a written contract be expressed in the writing, is not relevant here, because plaintiff has never argued that the consideration for the guaranty was the making of the loan or any other past action of hers. Rather, plaintiff has argued — entirely through her counsel — that the consideration for the guaranty was her agreement to forbear from suing Mihos for two years, until payment under the guaranty, by its terms, would become due [FN2]. [*4]However, no agreement to forbear from suit is stated in the guaranty, which expresses only a promise by Mihos to repay the principal amount of the loan on or before a certain date if it has not otherwise been repaid by then.
New York's statute of frauds requires that an agreement constituting "a special promise to answer for the debt, default or miscarriage of another person" be memorialized in a writing signed by the party to be charged (General Obligations Law § 5-701[a][2]; see Standard Oil Co. of N.Y. v Koch, 260 NY 150 [1932] [dismissing a complaint based on a written guarantee on the ground that the writing did not sufficiently set forth the consideration for the guarantor's promise]; Restatement [Second] of Contracts § 131, Comment h, Illustration 18). While the guaranty given by Mihos to plaintiff otherwise appears to satisfy the statute, it does not express, or even imply, any consideration for Mihos's promise, whether by way of benefit to him or detriment to plaintiff (see Holt v Feigenbaum, 52 NY2d 291, 299 [1981] [consideration for a promise may be "either a benefit to the promisor or a detriment to the promisee"]). It may be that, once the guaranty was given, plaintiff was unlikely to sue Mihos before it became due, but nothing stated in the guaranty bound her to refrain for the next two years from commencing an action against him on her common-law claims (which, as previously noted, she has now withdrawn). Nor can any such commitment to forbear from suit be fairly inferred from the language of the guaranty (see e.g. Korff v Corbett, 155 AD3d 405, 410-411 [1st Dept 2017] [in holding unenforceable, for want of consideration, the defendants' written agreement to pay the plaintiff certain amounts " (t)o avoid unproductive controversy,'" this Court noted that "nothing" in the writing supported the plaintiff's claim that he had agreed to "forbear() pursuing a claim" in exchange for the promised payments]). In the absence of such a binding promise by plaintiff, the guaranty is unenforceable for want of consideration. "Unless both parties to a contract are bound, so that either can sue the other for a breach, neither is bound" (Schlegel Mfg. Co. v Cooper's Glue Factory, 231 NY 459, 462 [1921]; see also Dorman v Cohen, 66 AD2d 411, 415 [1st Dept 1979] [an agreement was unenforceable where "plaintiffs did not, in effect, bind themselves to do anything"]).
Case law has established that an oral promise to guarantee the debt of another may be enforced, notwithstanding General Obligations Law § 5-701(a)(2), if the plaintiff "prove[s the promise] is supported by new consideration moving to the promisor and beneficial to him and that the promisor has become in the intention of the parties a principal debtor primarily liable" (Martin Roofing v Goldstein, 60 NY2d 262, 265 [1983], cert denied 466 US 905 [1984])[FN3]. Thus, plaintiff could enforce Mihos's guaranty if she could prove, through parol evidence, that he gave her the guaranty in exchange for her unwritten promise to forbear from suing him until the due date of the guaranty, which would constitute new consideration beneficial to him. Plaintiff fails, however, to offer any admissible evidence (as opposed to unsupported assertions by her counsel) that she actually made such a promise. As noted, the two affidavits by plaintiff that she submitted in support of her renewed motion for summary judgment do not refer to any such promise; neither does the verified complaint. On the contrary, plaintiff alleges in her first affidavit that, when she asked Mihos for "an explanation" of the default on the loan, Mihos, "[o]f his own accord, and without any suggestion from me, . . . prepared and gave to me . . . the [guaranty]."
In short, plaintiff herself does not claim to have made any promise of forbearance to Mihos, express or implied, in exchange for the guaranty. Since the guaranty itself does not express or imply any consideration given for it, and the record on the parties' opposing motions for summary judgment does not contain admissible evidence that any consideration was given for the guaranty, we conclude that the guaranty is unenforceable for want of consideration (cf. [*5]Talansky v Schulman, 2 AD3d 355, 361 [1st Dept 2003] [denying a motion for summary judgment dismissing a claim based on the defendant's alleged oral promise to pay another party's debt where the plaintiff presented competent evidence, that, "as consideration (for the defendant's promise), he offered to forbear from suing both (the original debtor) and defendant"]).
In view of the foregoing, we need not consider whether Supreme Court properly permitted plaintiff to renew her summary judgment motion. Finally, we note that, on this appeal, we are concerned solely with the enforceability of the guaranty as a contract, and express no opinion on the propriety of Mihos's conduct as an attorney.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 17, 2018
CLERK



Footnotes

Footnote 1:General Obligations Law § 5-1105 provides: "A promise in writing and signed by the promisor or by his agent shall not be denied effect as a valid contractual obligation on the ground that consideration for the promise is past or executed, if the consideration is expressed in the writing and is proved to have been given or performed and would be valid consideration but for the time when it was given or performed."

Footnote 2:To the extent it is argued on plaintiff's behalf that part of the consideration for the guaranty was an implied promise by her to forbear from filing a criminal or disciplinary complaint against Mihos, a substantial question arises as to whether such consideration would render the guaranty void as against public policy (see Union Exch. Natl. Bank of N.Y. v Joseph, 231 NY 250, 253 [1921] ["There is to be no traffic in the privilege of invoking the public justice of the state. One may press a charge or withhold it as one will. One may not make action or inaction dependent on a price"]; Doucet v Massachusetts Bonding & Ins. Co., 180 App Div 599, 602 [1st Dept 1917] [an agreement by the plaintiff to deliver securities to the defendant "in consideration of its agreement not to cause the arrest by warrant and imprisonment of (the plaintiff's) nephew for . . . embezzlement and defalcation" was "against public policy and
. . . the court will refuse to extend its aid to either party thereto and will leave them where they have placed themselves"]; Restatement [Second] of Contracts § 176[1][b], Comment c ["A bargain to suppress prosecution may be unenforceable on grounds of public policy"]; 7 Richard A. Lord, Williston on Contracts § 15:8 [4th ed] ["The better rule is that all bargains tending to stifle criminal prosecution . . . are void as against public policy"]; 15 Corbin on Contracts § 83.1 at 251 [rev ed 2003] ["(A)ny bargain for the purpose of stifling a criminal prosecution . . . is always contrary to public policy and unenforceable"]; 22 NY Jur 2d, Contracts § 171; NY City Bar Assn Comm on Prof & Judicial Ethics Formal Op 1995-13 [1995] [if a lawsuit settlement "includes a promise, express or implied, not to report (a) crime, it has been held that neither side may avail itself of the usual contractual remedies against the other"]). In any event, even if forbearance from filing a criminal or disciplinary complaint could constitute valid consideration, the guaranty could not be enforced based on such alleged consideration for the same reasons it cannot be enforced based on the alleged consideration of plaintiff's forbearance from bringing suit, as explained below.

Footnote 3:Here, the guaranty at issue is in writing, but, as discussed, nothing in the writing expresses or implies the consideration given in exchange for Mihos's promise.