## HAILEY v. FENNER & BEANE.
### (No. 8712.)

(Court of Civil Appeals of Texas. Dallas. Nov. 25, 1922. Rehearing Denied Jan. 13, 1923.)

**1. Words and phrases—"Duress."**

Any coercion of another, either mental, physical, or otherwise causing him to act contrary to his own free will, or to submit to a situation or conditions against his own volition, or interests, constitutes "duress."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Duress.]

**2. Courts ⬅511—Relief from duress accomplished by action in court must be sought in tribunal wherein such action pending.**

Where plaintiff whose property had been attached in a foreign jurisdiction was apprehensive of injury thereto, and therefore deposited a certain sum in a bank to the credit of the attaching creditors on condition that they would release the impounded property in the foreign jurisdiction, and thereafter immediately commenced suit against them to recover the

deposit as made under duress, held, that the plaintiff's proper legal remedy was in the foreign court and not in the state where the deposit was made, since, where the form of duress complained of is accomplished by action in court, the aggrieved party must resort to the very tribunal in which the cause of action constituting the duress is pending.

Appeal from Kaufman County Court; W. P. Williams, Judge.

Suit by W. B. Hailey against Fenner & Beane. Judgment for defendants on general demurrer, and plaintiff appeals. Affirmed.

Wynne & Wynee, of Kaufman, for appellant.

Terry & Brown, of Kaufman, for appellees.

SERGEANT, C. J. During the year 1919, appellees, Fenner & Beane, instituted suit against W. B. Hailey, appellant, in the civil district court of Louisiana at New Orleans, for the sum of $940.59, with interest from June 12, 1919, and as ancillary thereto sued out writs of attachment and garnishment which were levied upon certain goods and property of appellant and which impounded $3,000 in money in the hands of John F. Clark & Co. at that place. Appellant, being apprehensive of injury to the property and goods so seized, agreed with appellees to deposit the sum sued for ($940.59) in the First National Bank of Forney, Tex., to the credit of appellees upon condition that the latter would release the impounded property in New Orleans. This was done. Immediately thereafter appellant instituted the present suit in the district court of Kaufman county, Tex., against appellees, alleging that he did not at any time owe appellees any part of the claim upon which the New Orleans suit was based; that the deposit in the bank at Forney had been made under duress and sought to recover it back. Simultaneously with the filing of this suit, appellant garnished the deposit in the bank at Forney before it could, be remitted to New Orleans. On trial of the main case at Kaufman, appellees presented their general demurrer and special exception to the petition of appellant, which were sustained by the court on the ground that the facts set out in appellant's petition failed to show duress. Appellant declined to amend and the cause was dismissed. From the judgment of the court sustaining the general demurrer, appellants have appealed to this court.

[1] The action of the court on the general demurrer is the sole question involved in the appeal. If the petition failed to allege facts constituting duress, the general demurrer should have been sustained; otherwise, it should have been overruled. Any coercion of another, either mental, physical, or otherwise, causing him to act contrary to his own free will or to submit to a situation or condi-

<hr/>

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tions against his own volition or interests, constitutes "duress." Especially is this true where one possessing and exercising the power of mind or of physical position or of financial advantage over another compels him by any of such means to do or to refrain from doing some act which would place him in a worse position than if he submitted. The law condemns and the courts will grant relief against all character of duress. The injured party in all instances has his remedy by resort to the tribunal of his choice properly having jurisdiction. A long line of decisions define, illustrate, and uphold this right. Smith v. Houston Nat. Exch. Bank (Tex. Civ. App.) 202 S. W. 181; Caldwell v. Auto Sales & Supply Co. (Tex. Civ. App.) 158 S. W. 1031, and cases cited therein; Clark v. Pearce, 80 Tex. 146, 15 S. W. 787; Ladd v. Southern Cotton Press & Mfg. Co., 53 Tex. 172.

But by pronouncement equally clear the courts in an exception to this general rule have said that, where the form of duress complained of is accomplished by an action in court, the aggrieved party must resort to the very tribunal in which the cause of action constituting the duress claimed is pending. Resort cannot be had to another and a different court in such instance. Ward v. Scarborough (Tex. Com. App.) 236 S. W. 434, and cases cited therein; Phœnix Land Co. v. Exall (Tex. Civ. App.) 159 S. W. 485.

[2] Applying this distinction to the case at bar, it is clear that appellant's proper legal remedy was in the court at New Orleans in which the injury complained of took place. The petition did not state a cause of action showing him entitled to relief elsewhere than in the Louisiana court. There was therefore no error in sustaining the general demurrer and the action of the court in such respect is here affirmed.

We are not unmindful of the fact that sustaining the demurrer, in its practical effect, results in appellant's being compelled to pay over to appellees the sum impounded without a hearing on the merits in any court to determine the latter's right to it. But the law cannot permit the perpetration of a greater injustice by allowing a litigant to repudiate the voluntary settlement of a pending case and to apply to a second tribunal for the relief he could have received from the first one.