### SABINAL STATE BANK v. EBELL et al.
### (No. 7752.)

Court of Civil Appeals of Texas. San Antonio. April 13, 1927.

**1. Bills and notes ⟺104—Threat of prosecution for crime with penalty of imprisonment, inducing signing of note, constitutes "duress."**

Bank cashier's threat to prosecute for violation of federal law, the penalty of which is imprisonment, as an alternative to signing a note, constitutes "duress" and renders the note induced by the threat voidable by the maker.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Duress.]

**2. Bills and notes ⟺537(4)—Questions whether fear of threatened prosecution induced signing of note and subsequent admission of liability held for jury.**

Court properly asked jury whether maker of note, defending on ground of duress, was in-

duced to sign the note solely upon threats of criminal prosecution, and whether he was still actuated by fear of prosecution when he acknowledged liability.

**3. Contracts ⟺95(3)—Whether threat constitutes "duress" depends on circumstances and mental effect.**

Whether or not a threat constitutes "duress" is a question of fact dependent upon all the circumstances and the mental effect on the party claiming duress.

**4. Contracts ⟺95(5)—"Duress" may arise from threat of prosecution for crime of which party is guilty.**

"Duress" may arise from threats of prosecution for a crime of which the party threatened is actually guilty.

**5. Bills and notes ⟺494—Burden was not on plaintiff to show maker's temper at admission of liability on note signed under duress, where admission was denied.**

Burden was not shifted to plaintiff to show the state of mind of maker of note, defending on ground of duress, at the time of subsequent admission of liability, where he denied making such admission.

Appeal from District Court, Uvalde County; L. J. Brucks, Judge.

Action by the First State Bank of Sabinal against Ernst Ebell and another. Pending the action, the First State Bank of Sabinal having become insolvent and defunct, the Sabinal State Bank was substituted as plaintiff. From judgment for the defendant Ebell and against the substituted plaintiff, and for it and against defendant T. H. Smith, it appeals. Affirmed.

K. K. Woodley, of Sabinal, and G. B. Fenley, of Uvalde, for appellant.

Ditzler H. Jones, of Uvalde, for appellees.

FLY, C. J. This suit was instituted by First State Bank of Sabinal against Ernst Ebell and T. H. Smith on a promissory note for $1,358, executed by appellees on February 1, 1924. Upon the suggestion of Ebell that the First State Bank was insolvent and defunct, and with the consent of appellant, it was substituted for said First State Bank to whose assets and liabilities it had succeeded. Ebell pleaded duress upon the part of C. E. Freeman, cashier for the First State Bank, who threatened him with prosecution in selling cane seed and corn which was rotten and unwholesome, in violation of a federal law. He also pleaded that said bank had appropriated $531.46, which had been on deposit in said bank, and placed the same as a credit on said note, for which he asked a recovery. The cause was submitted to a jury on special issues, and on their answers judgment was rendered that appellant take nothing by its suit as to Ernst Ebell, and that he recover of appellant the sum of $531.46, with interest,

---

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and that appellant recover of T. H. Smith the sum of $635.

In answer to the questions presented by the court the jury found that C. E. Freeman, prior to and at the time that Ernst Ebell executed the note, threatened the latter with criminal prosecution under a federal statute unless he executed the note; that such threat alone caused him to sign the note; that afterwards Ebell acknowledged his liability on the note, acting under fear of the threats of prosecution made to him by C. E. Freeman. It is not contended that there was not evidence to sustain the findings of the jury, and we conclude that the facts support the verdict.

[1] The threat to prosecute Ebell for the violation of a certain federal law, the violation of which carried with it imprisonment, involved a threat to arrest and imprison, and the alternative was presented to Ebell to sign the note or he would be imprisoned for an offense of which he was not guilty. As said by the Supreme Court in Morrison v. Faulkner, 80 Tex. 128, 15 S. W. 797:

"A contract made under a threat of unlawful imprisonment, the fear induced by the threat being the moving cause for its execution, is a contract made under duress and its maker may avoid it."

Again, in the noted case of Landa v. Obert, 78 Tex. 33, 14 S. W. 297, which was finally decided by this court (5 Tex. Civ. App. 620, 25 S. W. 342), after it had been pending for over 21 years, it was said:

"It clearly appears, we think, from the former opinions of this court delivered in this case that 'fear of illegal imprisonment constitutes duress.'"

The evidence showed that Ebell signed the note under fear of arrest and imprisonment, caused by the threats of Freeman, cashier of the bank. The first and second propositions under the first assignment of error are overruled.

[2] The propositions under the second, fifth, and sixth assignments of error are overruled. The court asked the jury whether Ebell was induced to sign the note solely upon threats of criminal prosecution, and followed it by a question of whether Ebell was still actuated by fear from threats of criminal prosecution when he acknowledged his liability on the note. Ebell denied admitting liability. The two charges covered the law. If, as the jury found, Ebell was acting solely under fear of criminal prosecution when he signed the note and was acting under the same fear when he made the assumed admissions, that was sufficient. Ebell swore that he believed Freeman would carry out his threats, and said:

"That is the only reason I signed that note. I feared a criminal prosecution, and that is the reason I signed that note."

He swore that he did not tell Bell, Hillis, or Smith that the note was willingly signed by him. He said their statements as to his admissions were untrue. The seventh assignment of error is overruled.

As said in 9 Ruling Case Law, § 7, p. 716:

"There is no legal standard of resistance with which the person acted upon must comply at the peril of being remediless for a wrong done to him, and no general rule as to the sufficiency of facts to produce duress."

[3, 4] The modern doctrine is that whether or not a threat constitutes duress is a question of fact dependent upon all the circumstances and the mental effect on the party claiming duress. Formerly it was held that threats of a lawful arrest did not constitute such duress as to avoid a contract, but the modern view is that the threatened prosecution need not be for a crime or offense of which the party threatened is not guilty, but that duress may arise from threats of prosecution for an offense of which the party threatened is actually guilty. The question is, How did such threats affect the mind of the party who was threatened and made the contract? 9 R. C. L. § 9, pp. 719, 720.

[5] The burden of proof was not shifted to appellant as to the state of mind of Ebell at the time he made any admissions as to his liability on the note theretofore executed by him. Ebell denied that he made such admission.

The judgment is affirmed.