**Freida AXCELL et vir, Appellants,**

v.

**Dr. John R. PHILLIPS et al., Appellees.**

**No. 15803.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 21, 1971.

Rehearing Denied Nov. 18, 1971.

John H. Holloway, Houston, for appellants.

Fulbright, Crooker & Jaworski, William N. Arnold, Jr., William H. Payne, Sandra K. Foster, Murfee & Hoover, Sweeney J. Doehring, Jr., Houston, for Dr. John R. Phillips.

The Kempers, T. M. Kemper, Houston, for Medical Arts Hospital of Houston.

Bass C. Wallace, Houston, Andrews, Kurth, Campbell & Jones, Houston, of counsel, for Harris County Medical Society.

PEDEN, Justice.

Medical malpractice case. Appeal from the granting of summary judgment in favor of all defendants. On the basis of limitations, we affirm the judgment of the trial court as to all defendants except Medical Arts Hospital.

Motions for summary judgment based on the two-year statute of limitations, Article 5526(6), Vernon's Annotated Texas Civil Statutes, had been timely filed by defendants Dr. Phillips and the Harris County Medical Society when the hearing was held by the trial court on March 1, 1971, but Medical Arts Hospital had not then moved for summary judgment.

The plaintiffs had filed their second amended petition when the motions were heard. They also had on file at that time an unverified reply to the motions for summary judgment of Dr. Phillips and of the Medical Society. Their current petition alleged that on March 29, 1960, when she was 16 years old, Freida Axcell was admitted to Medical Arts Hospital under the care of Dr. Phillips for an operation for what he diagnosed as acute appendicitis. That her mother consented to the appendectomy but not to what the hospital records describe as "extensive presacral sympathectomy," a severing of some of the nerves affecting female organs. That the appendectomy was unnecessary, as the defendants knew or should have known, and constituted an assault and battery on the patient without consent, and a fraud and both negligence and gross negligence. That she first learned of such matters in April of 1966 and filed this suit within a month thereafter.

That the doctor was also negligent in disfiguring the plaintiff by leaving a long scar that was unnecessary, in removing certain nerves without the consent or informed consent of Freida Axcell or that of her parents. Also, that if any consent was obtained, it was accomplished through fraud. That the hospital, through its officers and agents, was negligent in failing to warn the plaintiff of Dr. Phillips' reputation, in failing to provide proper supervision over him, and in permitting unnecessary, unneeded and unauthorized surgery. Also, that the Medical Society was negligent in performing certain specified acts and in failing to perform others. That the plaintiffs were entitled to recover exemplary damages from the doctor and from the hospital.

Dr. Phillips' answer contained a general denial and a plea of the two-year statute of limitations. He alleged that when Freida Axcell married in November, 1963, limitations began to run and more than two years elapsed from that date until this suit was filed on May 6, 1966. These allegations were also the basis of his motion for summary judgment.

The Harris County Medical Society answered by general denial, pleaded the two-year statute of limitations and alleged that it is a voluntary non-profit professional organization created to further the ethical practice of medicine in Harris County; that membership in the Society is not a condition to licensing a physician to practice in Harris County. Its verified motion for summary judgment was based on similar allegations plus a statement that Dr. Phillips was a member of the Society and had never been expelled by it.

On February 26, 1971, Freida Axcell filed a reply to the motions for summary judgment. alleging that there were material issues of fact. That her cause of action was not barred by limitations, that the sympathectomy was performed without her knowledge or consent, that she did not learn of this part of the operation until after March 31, 1966, when she was informed of it by a doctor in California, who had learned of the sympathectomy from a letter and reports received from Dr. Phillips. That Dr. Phillips had occupied a position of trust, and that the defendants have "failed to show that the plaintiff could have discovered such fraud, or should have discovered same, without establishing as a matter of law that she should have known such fact at a date earlier than the first part of April, 1966," and that the record shows she filed the suit "within a month after learning of such fraud and unauthorized surgery."

She also alleged that but for the continued membership of Dr. Phillips in the Harris County Medical Society, the Medical Arts Hospital would have denied him permission to perform surgery there, and the Medical Society failed to inform the hospital of complaints filed against him.

When the hearing was held on the motions for summary judgment filed by Dr. Phillips and the Medical Society on March 1, 1971, the trial court's file included the pleadings we have noticed, the plaintiffs' original petition bearing a file mark of May 5, 1966, and depositions of Freida Axcell, Dr. Phillips and Marvin E. Singleton, Jr., who was president of the Medical Arts Hospital, Inc., of Houston when the operation in question was performed.

Freida Axcell testified by deposition that she was born on May 22, 1943, that the operation was performed in March of 1960, that she was married in November of 1963 and divorced May 11, 1964. She said she and her mother consented to the operation to remove her appendix but not to the sympathectomy, that she didn't know anything about that part of the operation and had not complained to Dr. Phillips of pain during her menstrual periods. That the scar from the operation was excessively long and extended about three inches above her navel.

Dr. Phillips' deposition testimony contains his assertions that the operation was an emergency appendectomy, that it was agreed in advance that an exploratory operation should be performed and that if the appendix had not ruptured, an effort should be made to reduce the patient's acute menstrual pain by sectioning certain nerve fibers. He testified that the appendix did not show any acute inflammatory changes, but was found to be kinked, so it was medically proper to remove it.

That cutting of the nerves in question would not interfere with the patient's ability to conceive or deliver a child and would not cause any damage to her.

His testimony was not entirely free from inconsistencies.

The pertinent recitals in the trial court's judgment are:

"BE IT REMEMBERED that on the 1st day of March, 1971, came on to be heard in due time and order the Motions for Summary Judgment herein of Defendants Dr. John R. Phillips and Harris County Medical Society, and all parties to this suit having been timely advised of said hearing and having advised the Court that they were ready for said Mo-

tions to be heard, and all parties appearing by and through their respective attorneys of record, the Court proceeded with said hearing. After having considered (1) the respective pleadings of all parties on file on March 1, 1971, (2) the Motions for Summary Judgment then on file, (3) Plaintiffs' reply to said Motions for Summary Judgment, (4) the affidavits filed on or before said March 1, 1971 hearing date in support of and opposing said Motions for Summary Judgment, and (5) the depositions on file, and after hearing argument in favor of and against said motions, the Court advised counsel for Defendant Medical Arts Hospital, Inc. that the Court would consider a Motion for Summary Judgment on behalf of said Defendant based on the grounds of the applicability of the statute of limitations as if such a motion had been on file at the time of the above stated hearing, and subsequent to said hearing such a Motion for Summary Judgment was filed on behalf of the Medical Arts Hospital, Inc.,

"The Court being of the opinion that there is no issue as to any material fact concerning the alleged causes of action against any of the Defendants herein, and the Court also being of the opinion that said Motions for Summary Judgment should be granted, it was and is, accordingly,

"ORDERED, ADJUDGED and DECREED, that the Motions for Summary Judgment of Dr. John R. Phillips, Harris County Medical Society and Medical Arts Hospital, Inc. be granted, and that Plaintiffs herein recover nothing as against said Defendants."

The Judgment was signed and entered on April 5, 1971.

The appellants' first four points of error complain of the the trial court's having sustained each defendant's motion for summary judgment based on the two-year statute of limitations, alleging that fact issues existed as to "fraudulent concealment of the cause of action", as to when Freida Axcell discovered, or should have discovered, the cause of action for "negligence, assault and fraud"; that her damages for inability to conceive a child could not occur until a reasonable time after her marriage, and this would be a fact issue.

We will defer until later our discussion of the Medical Arts Hospital's motion for summary judgment.

■ A defendant's motion for summary judgment may rest upon a showing that the plaintiff's claim is barred as a matter of law by an affirmative defense such as a statute of limitations. 4 McDonald Texas Civil Practice 135, § 17.26.2 (rev. ed. 1971).

■ In summary judgment proceedings, when a defendant establishes the applicability of a statute of limitations he is entitled to prevail unless the plaintiff comes forward with proof showing some excuse for the delay. Pierce v. Estate of Haverlah, 428 S.W.2d 422 (Tex.Civ.App.1968, writ ref. n. r. e.); Birdwell v. American Bonding Co., 337 S.W.2d 120 (Tex.Civ. App.1960, writ ref. n. r. e.).

Article 5526, V.T.C.S., provides:

"There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

" * * *.

"6. Action for injury done to the person of another."

Article 4625, V.T.C.S., which was in effect at all times pertinent to this case, provided that every female under the age of 21 years who shall marry in accordance with the laws of this state, shall, from and after the time of such marriage, be deemed to be of full age.

And Art. 5544, V.T.C.S., states "The period of limitation shall not be extended

by the connection of one disability with another; and, when the law of limitation shall begin to run, it shall continue to run, notwithstanding any supervening disability of the party entitled to sue or liable to be sued."

Therefore, if Freida Axcell's cause of action had accrued before her marriage in November of 1963, it was barred by the two-year statute of limitations before it was filed in May of 1966.

In Carrell v. Denton, 138 Tex. 145, 157 S.W.2d 878 (1942), it was held that a cause of action against a physician for failure to exercise due care in the performance of an operation accrues when the negligent conduct occurs. In 1967 our Supreme Court overruled Carrell v. Denton to the limited extent that causes of action in which a physician leaves a foreign object in the body of his patient now accrue when the patient learns of, or in the exercise of reasonable care, should have learned of the presence of the foreign object in his body. Gaddis v. Smith, Tex. Civ.App., 417 S.W.2d 577.

■ It is not the proper function of a Court of Civil Appeals to extend beyond the limits set by the Texas Supreme Court the application of this "discovery rule" or of any other rule.

■ When the act causing the damage to another is originally lawful, the cause of action does not accrue until the injury occurs; but where the act is originally unlawful, the cause of action accrues at the time of the act. Houston Water Works v. Kennedy, 70 Tex. 233, 8 S.W. 36 (1888); Tennessee Gas Transmission Co. v. Fromme, 153 Tex. 352, 269 S.W.2d 336 (1954); Gaddis v. Smith, supra; Martisek v. Ainsworth, 459 S.W.2d 679 (Tex.Civ. App.1970, writ ref. n. r. e.).

■ The alleged harmful acts, and the only ones as to which the summary judgment evidence could have raised issues of fact as to Dr. Phillips were the allegedly 1) unauthorized cutting of the nerves, 2) unnecessary appendectomy and 3) making of an unnecessarily long scar, each of which would constitute an invasion of a right of Freida Axcell and would thus be an unlawful act, so the cause of action accrued at the time of the operation, and as a matter of law the cause against the doctor is barred by limitations. We think we need not discuss the fact that the length of the scar must have been known to Freida Axcell shortly after the operation was performed.

We find no basis in the plaintiffs' allegations of negligence or in the summary judgment evidence before the trial court at the hearing on March 1, 1971 for tolling limitations as to the Harris County Medical Society.

■ We sustain the appellants' sixth point of error, which was that the trial court erred in sustaining the Medical Arts Hospital's oral motion for summary judgment since it denies plaintiffs due process of law and violates the provisions of Rule 166–A, Texas Rules of Civil Procedure.

The judgment of the trial court recites with candor and fairness that the court announced after hearing argument on March 1, 1971 that if the hospital filed a motion for summary judgment based on limitations it would be considered as if it had been on file at the time of the hearing. The hospital filed such motion, together with an amended answer, on March 2, 1971.

The record does not reflect that the appellants consented to this. The recitals in the judgment indicate that the March 1 hearing was the basis for the granting of the hospital's motion.

We hold that there was no compliance with the requirement of Rule 166–A(c) that the motion for summary judgment shall be served at least ten days before the time specified for the hearing.

■ The right to summary judgment was unknown at common law and exists

only by virtue of Rule 166–A; to be entitled to benefits of the rule, one must comply with all of its terms. Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396 (Tex.Sup. 1958).

■ Appellants' fifth point of error is that the trial court erred and abused its discretion in refusing to consider the plaintiffs' supplemental pleadings, affidavits and replies at time of summary judgment where fact issues were raised, since a summary judgment is improper where defendants fail to show that the plaintiffs cannot amend so as to raise fact issues.

At the conclusion of the trial court's hearing on this matter on March 1, 1971, the judge sustained the motions. The judgment was signed and entered on April 5, 1971. In this point of error the appellants are complaining about the trial court's not having considered their supplemental petition (filed March 29, 1971), their reply to the motion for summary judgment filed by the Medical Arts Hospital and the accompanying affidavit of Freida Axcell's mother (filed March 18, 1971).

In the supplemental petition, filed some four weeks after the trial judge had announced that he granted the motions for summary judgment of the doctor and the medical society, the plaintiffs pleaded the theory of fraudulent concealment. The affidavit of Freida Axcell's mother supplies evidence in support of this allegation, but we hold that the trial court did not abuse its discretion in declining to consider these documents in view of the late dates on which they were filed.

■ Rule 166–A(c) provides that the adverse party prior to the day of the hearing may serve opposing affidavits. However, this provision is merely directory, and the trial courts have discretion to receive affidavits on the date of the hearing. 4 McDonald, Texas Civil Practice 150, §

17.26.7 (rev. ed. 1971). The trial judge has authority to close the record at some point, and in the absence of an abuse of discretion he can fix reasonable time limits for the filing of affidavits. Mason v. Mid-Continent Supply Co., 374 S.W.2d 922 (Tex.Civ.App.1964, writ ref. n. r. e.). As to the motions of Dr. Phillips and the medical society, we find no abuse of discretion in the trial court's refusal to consider the instruments which were filed after he had granted summary judgment. Jones v. Hubbard, 302 S.W.2d 493 (Tex.Civ.App. 1957, writ ref. n. r. e.).

■ Appellants contend that the trial court abused its discretion in not permitting amendment of pleadings when the depositions, admissions or affidavits disclosed facts which show that an amendment to the pleadings of the opposite party will render the position of the moving party insupportable under the substantive law. The Texas Supreme Court so held in Womack v. Allstate Insurance Co., 156 Tex. 467, 296 S.W. 2d 233 (1956). Having found that the trial court did not abuse its discretion in declining to consider the affidavit filed on March 19, 1971, and finding no facts in the other summary judgment proof which show that an amendment to the plaintiffs' pleadings would render the position of Dr. Phillips or the medical society insupportable, we conclude that the rule announced in Womack v. Allstate is not applicable here.

Having held that the affirmative defense of limitations was established as a matter of law, we do not reach the appellants' remaining three points of error, which concern other matters of defense raised by the appellees.

We affirm the judgment of the trial court in all respects except as to the appellants' cause of action against Medical Arts Hospital, Inc.; it is severed, and the judgment of the trial court in favor of that defendant is reversed and remanded.