**Orena McNEILL, Appellant,**

v.

**Irma Nixon LOVELACE et al., Appellees.**

**No. 17656.**

Court of Civil Appeals of Texas, Fort Worth.

Oct. 31, 1975.

Rehearing Denied Nov. 21, 1975.

Jimmy P. Horany and Philip S. Kouri, Wichita Falls, for appellant.

Fillmore, Lambert, Farabee & Purtle, and Glynn R. Purtle, Wichita Falls, for Charles F. Pierce, Jr.

Stuart & Brunette, and Paul H. Brunette, Wichita Falls, for all other appellees.

## OPINION

SPURLOCK, Justice.

This is an appeal by Orena McNeill, plaintiff, from a summary judgment granted in favor of the defendants.

Plaintiff is seeking to cancel a disclaimer executed by her and a conveyance by deed to real estate and thus obtain judgment for title and possession to the realty involved. The grounds for cancellation are duress and coercion, continuing in nature, exerted upon her by the grantee in the deed who at the time suit was filed was deceased. She also seeks title and possession to personal property alleged to have been converted.

The defendants assert that plaintiff has no cause of action as a matter of law because her cause of action is barred by the two and four year statutes of limitations and that plaintiff's opposing affidavit, not shown by the record to have been objected or excepted to, cannot be considered by the court because it contravenes Article 3716, V.A.T.S. (the Dead Man's Statute).

Plaintiff relies upon the contents of her opposing affidavit to toll the running of the statute of limitations and contends that the statute of limitations would not begin to run until the coercion and duress ceased to exist and therefore suit was filed within the four year statute of limitations which is the controlling statute.

We reverse and remand.

Trudie Nixon, Orena McNeill's sister, purchased the realty as her separate property on July 5, 1961. Plaintiff and Trudie Nixon's brother advanced the funds to make the down-payment. Trudie Nixon died testate. By the terms of the probated will title passed to Orena McNeill. Trudie Nixon's surviving husband, James N. Nixon, was the executor of her estate. In accordance with the terms of the will be conveyed the property to Orena McNeill, the plaintiff. Plaintiff alleges that James N. Nixon thereafter, through the use of duress and coercion, obtained from plaintiff a disclaimer to the property and a deed conveying same to him. She also alleged he was in possession of various items of personal property which is the property of plaintiff and that he is withholding same from plaintiff. Plaintiff alleged a count in trespass to try title.

The defendants are Irma Nixon Lovelace and Husband Bryan Lovelace, individually; Irma Nixon Lovelace and Harry N. Feathers, in their capacity as co-independent executors of the estate of James N. Nixon, deceased; and Charles F. Pierce, Jr., James N. Nixon died two years before the suit was filed. Prior to his death he had married Irma Nixon Lovelace. He died testate. Under the terms of the probated will his surviving wife was vested with the title to the property. Plaintiff then claims that she filed a lis pendens notice. Thereafter Irma Nixon Lovelace conveyed the property to Charles F. Pierce, Jr.

In order to recover plaintiff must set aside the disclaimer and the conveyance to James N. Nixon, now deceased, and whose estate is in administration.

The defendants, in general, pleaded not guilty to the trespass count and pleaded the disclaimer and the two and four year statutes of limitations.

All the defendants filed a motion for summary judgment and attached to the motion a warranty deed dated January 13, 1965, from plaintiff to James N. Nixon, reciting a cash consideration and that the

conveyance was made subject to a lien in the sum of $16,600.00. Also attached was a disclaimer also dated January 13, 1965, signed and acknowledged by plaintiff, in which she disclaimed any right, title, or interest in and to the property here involved, reciting: " . . . that I, due to financial considerations involved, cannot accept this bequest . . .."

Plaintiff countered by affidavit in opposition to the defendants' motion for summary judgment. This affidavit in general traces the transaction affecting title as described above.

In addition thereto, plaintiff's affidavit reflects that after she had received the deed to the real property from James N. Nixon he made a demand upon her to deed the real property in dispute back to him and asked her to disclaim any interest in said property. She refused. He then, over a period of time, applied pressure to her and threatened her by means of telephone and personal contact. He then threatened that unless his demands were met he would exhume the body of Orena's beloved sister, his deceased wife, from the family gravesite at Westover, in Baylor County, Texas, and would move it to a place where the plaintiff would never know where she was buried.

Plaintiff states she had great love and affection for her sister and such threats on her constituted duress and coercion and she was unduly influenced by such threats. She states that because of such threats, she did execute the deed on December 15, 1965, rather than on January 13, 1965. She further says that because of this she permitted James N. Nixon to keep and occupy the property here involved until his death on March 29, 1968. After his death she then attempted to negotiate reconveyance with his surviving widow. When the surviving widow finally refused to comply with her request she filed this suit on May 12, 1970.

It will be noted that this suit was filed two years and two months after the death of James N. Nixon.

Plaintiff's points of error, Nos. 1 and 2, are to the effect that a material fact issue exists on the issue of whether or not the instruments here involved were executed as the result of coercion, duress, and undue influence exerted upon her; and that such action on the part of Nixon was of such a continuing nature as to toll the four year statute of limitation.

These points will be discussed together because they are in part interwoven.

The general rules governing the summary judgment practice in Texas are stated in *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.*, 391 S.W.2d 41 (Tex.Sup., 1965). These principles are well known and will not be repeated here.

All parties agree that as to the cause of action concerning the realty, as distinguished from the cause of action for personalty, the four year statute of limitation applies. Article 5529, V.A.C.S.; *Goodwin v. City of Dallas*, 496 S.W.2d 722 (Waco, Tex. Civ.App., 1973, no writ hist.).

We hold that the two year statute of limitation applies concerning the cause of action for conversion of the personalty. *Pierce v. Estate of Haverlah*, 428 S.W.2d 422 (Tyler, Tex.Civ.App., 1968, ref., n. r. e.).

The balance of this opinion will be directed to the cause of action for title and possession to the realty.

In *Pierce v. Estate of Haverlah*, supra, that court stated:

"It is now settled that the burden of proving that there is no genuine issue of any material fact is upon the movant, and all doubts as to the existence of a genuine issue as to a material fact must be resolved against the party ruling for a summary judgment. In determining a motion thus depending upon extrinsic evidence, the court's task is analogous to that which he performs on a motion for directed verdict. He accepts as true all evidence of the party opposing the motion which tends to support such party's contention and gives him the benefit of every reasonable inference which

properly can be drawn in favor of his position. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929.

" . . .

"Generally speaking, any coercion of another, either mental, physical or otherwise, causing him to act contrary to his own free will or submit to a situation or a condition against his own volition or interest, constitutes 'duress.' *Hailey v. Fenner & Beane* (Tex.Civ.App.), 246 S.W. 412.

"The modern doctrine is that whether or not a threat constitutes duress is a question of fact dependent upon all the circumstances and the mental effect on the party claiming duress. . . .

"In Volume 37, Tex.Jur.2d, page 217, Limitation of Actions, Sec. 77, it is stated:

" 'In actions based on duress or undue influence, the operation of the statute of limitations is tolled or suspended and the cause of action is deemed not to accrue until the time that duress or undue influence ceases to exist. * * *'

"See also *Cadena v. Cadena* (Tex.Civ. App.), 223 S.W.2d 678; *Besteiro v. Besteiro* (Tex.Civ.App.), 45 S.W.2d 379; 34 Am.Jur., Sec. 236, p. 193.

"Upon removal of the duress or undue influence, the statute begins to run. 34 Am.Jur., Sec. 236, p. 193."

■ When defendants, by their proof, showed that the conveyance was made about five years before suit was filed, plaintiff then had the burden of coming forward with summary judgment proof showing some excuse for the delay in filing suit. *Pierce v. Estate of Haverlah,* supra. See also *Birdwell v. American Bonding Company,* 337 S.W.2d 120 (Fort Worth, Tex.Civ. App., 1960, ref., n. r. e., 367 U.S. 904, 81 S.Ct. 1920, 6 L.Ed.2d 1250); McDonald, Texas Civil Practice, Sec. 17.26.1; *Torres v. Western Casualty and Surety Company,* 457 S.W.2d 50 (Tex.Sup., 1970); *Kuper v. Schmidt,* 161 Tex. 189, 338 S.W.2d 948 (1960), and *Gulf, Colorado & Santa Fe Rail-*

*way Co. v. McBride,* 159 Tex. 442, 322 S.W.2d 492 (1958).

Although plaintiff's summary judgment affidavit contains some conclusions and references to recorded instruments not attached to her motion in opposition, such proof is not determinative of this appeal. Her affidavit testimony concerning the undue influence and coercion exerted upon her is clear and leaves the inference, by the language used, that its effect continued until Mr. Nixon's death. She testified these threats were made to her by him, therefore, such testimony is based upon her personal knowledge.

The record in this case does not disclose that any objection or exception was taken to this summary judgment affidavit evidence on the grounds that such affidavit testimony was not admissible under the terms and provisions of Article 3716, V.A. T.S. (the Dead Man's Statute).

Defendants contend that because of the application of the above statute that the trial court cannot consider such affidavit because it does not comply with the requirements of Rule 166–A, T.R.C.P., the summary judgment rule, and particularly to Section (e) which provides as follows (referring to the required form of affidavits) that such affidavit, " . . . shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

■ It is clear that hearsay will not support a summary judgment or hearsay contained in opposing affidavits will not defeat a summary judgment. *Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230 (Tex. Sup., 1962).

■ The summary judgment evidence here involved is not hearsay and, therefore, the above rule will not apply.

In *Hidalgo v. Surety Savings and Loan Association,* 462 S.W.2d 540 (Tex.Sup., 1971) the Supreme Court indicates that generally the trial court will consider the summary

judgment proof under the same rules as to admissibility of evidence that would have been followed if the case had been tried on its merits in a conventional trial proceeding. That court stated: "The trial process includes both the pleading and the trial stages, whether the trial stage be in summary or conventional trial proceedings."

Rule 166–A, T.R.C.P., makes an exception in that no oral testimony shall be received at the hearing. By court construction other exceptions have been made but none of such exceptions are applicable to the case at bar.

Article 3716 provides, in general, in a situation like we have here, that neither the plaintiff nor a representative of the estate may testify as to any transaction between them and the deceased unless such persons are called to testify by the opposite party.

The record before us on this appeal does not show whether or not the defendants timely objected to the consideration by the trial court of the affidavit that plaintiff presented in opposition to the motion for summary judgment on the grounds that its contents were in violation of Article 3716. That being true we must assume for the purposes of this appeal that the defendants waived the Dead Man's Statute in so far as the contents of the affidavit are concerned. The evidence contained therein had probative force and when we consider it along with the other summary judgment evidence that was before the court we are convinced that a fact issue was presented as to whether or not plaintiff was acting under duress at the times in question.

In the event of a trial on the merits we assume that the record will be developed in full on the issue of whether or not the defendants did in fact waive the benefit of Article 3716 by failing to object to the trial court considering the contents of said affidavit in deciding the outcome of the motion for summary judgment.

■ In a summary judgment proceeding it is the better practice for the party attacking summary judgment proof, on the grounds of admissibility or form, to (1) file written objections at or prior to trial, obtain a signed order from the court reflecting its rulings; (2) incorporate in the judgment the objections and the court's rulings; or (3) have the court reporter make a record of the objections and the court's rulings. In this manner a record is made that will be incorporated in the transcript and will be before the appellate court for review.

In *Collins v. Smith*, 142 Tex. 36, 175 S.W.2d 407 (1943) that court stated: "Petitioner insists that this testimony had no probative force, even if admitted without objection. The disqualification of witnesses under Art. 3716, supra, can be waived by failure to object at the proper time and for the proper reason, and when the disqualification is so waived the testimony has probative force. *Besteiro v. Besteiro*, Tex.Com. App., 65 S.W.2d 759; *Adam v. Adam et al.*, Tex.Civ.App., 127 S.W.2d 1001; 14 Tex.Jur., p. 329, sec. 544." See also *Wilbanks v. Wilbanks*, 160 Tex. 317, 330 S.W.2d 607 (1960).

For a discussion of the applicable law see Vol. 27, Texas Bar Journal, p. 315, "The Dead Man's Statute", by Ruel C. Walker, Justice of the Supreme Court of Texas, and particularly that portion of his discussion of the law beginning on page 373 entitled, "Waiver."

If this case were tried in a conventional trial and no objection was made to the testimony on the grounds that the witness was disqualified under the terms of the above statute, the testimony would be clearly admissible and have probative force. The question then arises as to whether or not in a summary judgment proceeding the philosophy expressed in the Hidalgo case should be followed.

■ We hold that it was the duty of the defendants who were present through their attorneys at the hearing on the motion for summary judgment to have objected to the affidavit on the basis of the disqualification contained in Art. 3716 and cause the record

to reflect this fact and having failed to do so waived same as far as this appeal is concerned.

In *Youngstown Sheet & Tube Co. v. Penn,* supra, that court held: "Unlike the case of *Box v. Bates,* Tex. [162 Tex. 184], 346 S.W.2d 317, the factual statements made in the affidavits are not obviously based on hearsay. The information regarding the affiants set out therein and the nature of the facts stated indicated that each affiant probably has personal knowledge of and is competent to testify to such facts. If petitioner was in any doubt as to these matters or if it was prejudiced in any way by the fact that sworn or certified copies of the operating agreements were not attached to or served with the Johnson affidavit, *it should have excepted to the affidavits at or prior to the hearing.*" (Emphasis ours.)

In *Texas Nat. Corp. v. United Systems Internat'l, Inc.,* 493 S.W.2d 738 (Tex.Sup., 1973) that court held that certain summary judgment evidence could not be considered because proper exceptions were taken to the summary judgment evidence at the proper time.

In *Leach v. Cassity's Estate,* 279 S.W.2d 630 (Fort Worth, Tex.Civ.App., 1955, ref., n. r. e.) this Court, speaking through Massey, Chief Justice, had before it a summary judgment proceeding in which the plaintiff, as a non-moving party, tendered a counter affidavit signed by the administratrix of the estate of the deceased and who was also a defendant in the suit. This Court stated: "The moving parties, anticipating in advance that such would be the case, *objected to its reception and consideration as being in violation of the 'dead man's statute'.* The trial court sustained the objection and refused to admit and consider Mrs. Puckett's testimony as valid and proper evidence upon the motion for summary judgment." (Emphasis ours.) The Court then held in effect that since such summary judgment evidence was properly and timely objected to, for the proper reason, and the court having properly sustained same, such evidence could not be considered in the summary judgment proceeding.

In *Kellner v. Blaschke,* 334 S.W.2d 315 (Austin, Tex.Civ.App., 1960, ref., n. r. e.) that court approved the use of special exceptions to challenge the admissibility of summary judgment affidavits.

 The remaining question is whether or not the statute of limitations barred the cause of action as a matter of law. We hold that the testimony contained in plaintiff's summary judgment affidavit concerning continuing duress and coercion raised a fact issue on the question of the tolling of the statute of limitations and thus prohibited the granting of the summary judgment.

Judgment reversed and cause remanded to the trial court for a new trial.