**Ross E. GREENSTREET, Appellant,**

v.

**C. Michael EDERER, Appellee.**

**No. 19528.**

Court of Civil Appeals of Texas, Dallas.

May 18, 1978.

Bill Walls, Robert G. Boydston, Roberts, Walls & Boydston, Dallas, for appellant.

James M. Hurst, Dallas, for appellee.

AKIN, Justice.

Appellee, Michael Ederer, an attorney, sued Ross Greenstreet, his client, on a promissory note. Ederer was granted a summary judgment[1] and from this judgment Greenstreet appeals. We hold that the affidavit of appellant filed in response to the motion for summary judgment raised an issue of material fact as to whether appellant executed the promissory note under duress. Accordingly, we reverse and remand for a determination of appellant's affirmative defense.

Appellant's affidavit in opposition to the motion for summary judgment recites:

> I deny that I am indebted to C. Michael Ederer for the sum of $9,000.00 plus interest under that one certain promissory note executed by me in favor of Mr. Ederer on June 12, 1977. *I executed that note at a time of great stress and under the duress of Mr. Ederer in that he threatened to withdraw as my attorney for an important meeting within the hour concerning my defense on Federal criminal charges unless I signed the note.* [Emphasis added]

Appellee argues that this affidavit consists only of legal conclusions and fails to present any facts that would justify the client's belief that he was forced to sign the note against his will. We cannot agree. Disregarding the conclusory statements contained in the affidavit, appellant's affidavit is sufficient to raise a fact issue with respect to whether he signed the note under the duress created by his attorney's threatened withdrawal from his case. Although the question of what constitutes duress is a matter of law, the question of whether it exists in a particular situation is generally a question of fact dependent upon all the circumstances and the mental effect on the party claiming duress. *Sanders v. Republic National Bank of Dallas*, 389 S.W.2d 551, 554 (Tex.Civ.App.—Tyler 1965, no writ); *Tower Contracting Co., Inc. of Texas v. Burden Brothers, Inc.*, 482 S.W.2d 330, 335 (Tex.Civ.App.—Dallas 1972, writ ref'd n. r. e.); *Pierce v. Estate of Haverlah*, 428 S.W.2d 422, 425 (Tex.Civ.App.—Tyler 1968, writ ref'd n. r. e.).

The attorney argues, however, that his "threat" to withdraw from representing appellant cannot, as a matter of law, constitute duress because he had a legal right to withdraw. In support of this contention, he cites *Dial Temp Air Conditioning Co. v. Faulhaber*, 340 S.W.2d 82, 87–88 (Tex.Civ. App.—Dallas 1960, writ ref'd n. r. e.). In

---

1. This case arose before amended Rule 166–A became effective January 1, 1978.

that case, this court held, as a matter of law, that absent a fiduciary relationship, a statement that a party would be liable on a lease if that party did not sign a release could not be duress because that party had a legal right to enforce the lease. Since an attorney-client relationship, which is a fiduciary one, exists here, the rule in *Faulhaber* is not applicable.

Indeed, this record is devoid of summary judgment evidence as to whether the attorney had a right to withdraw. The Rules and Code of Professional Responsibility, DR 2-110(A) (Vernon 1973) provides:

(A) In general.

(1) If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a proceeding before that tribunal without its permission.

(2) In any event, a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules.

(3) A lawyer who withdraws from employment shall refund promptly any part of a fee in advance that has not been earned.

No proof has been made as to whether the federal court in which the criminal case was pending requires leave of court before withdrawal of counsel is permitted, nor is there proof of the conditions on which such leave may be granted. In any event, the summary judgment burden was upon the movant to establish that he had such a right as a matter of law.

The attorney asserts, nevertheless, that the withdrawal of an attorney is expressly permitted by State Bar of Texas, Rules and Code of Professional Responsibility, DR 2-110(C)(1)(f). This rule provides that an attorney may request permission to withdraw if the client "[D]eliberately disregards an agreement or obligation to the lawyer as to expenses or fees." The summary judgment proof fails to establish that appellant disregarded any agreement or obligation concerning the fee. Neither does it show that appellee could have requested and obtained permission to withdraw before the next occasion on which an attorney's services would have been required. Consequently, the summary judgment proof does not establish as a matter of law that appellee threatened to do only what he had a legal right to do. Under these circumstances, we hold that appellant's affidavit sufficiently raises fact issues as to duress. Accordingly, we reverse the judgment of the trial court and remand for trial on the issue of duress.