# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 02-10305
Summary Calendar

RANDY CHILDERS,

Plaintiff-Appellant,

versus

CITY OF ARLINGTON TEXAS;
NATHANIEL G. HARDER;
RUBEN A. PUENTE,

Defendants-Appellees.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CV-135-Y
-----------------------------------------------------------------
December 13, 2002

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Randy Childers appeals from the district court's grant of summary judgment for the defendants on his 42 U.S.C. § 1983 civil rights complaint. On appeal, Childers argues that his complaint was not barred by limitations because duress imposed by the City of Arlington, Texas, ("City"), and its officials precluded him from timely filing his complaint.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The standard of review following the district court's order granting summary judgment is <u>de novo</u>. <u>Melton v. Teachers Ins. & Annuity Ass'n of America</u>, 114 F.3d 557, 559 (5th Cir. 1997). Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

In determining the limitations period for a 42 U.S.C. § 1983 claim, the applicable period is governed by state law, which in this case, is the two-year Texas personal injury limitations period. <u>See</u> TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1986 & Supp. 2002); <u>Pete v. Metcalfe</u>, 8 F.3d 214, 217 (5th Cir. 1993). Similarly, state law governs the applicability of any tolling provisions. <u>Pete</u>, 8 F.3d at 217. In <u>Pierce v. Estate of Harry Haverlah</u>, 428 S.W.2d 422, 427-28 (Tex. App. 1968), the court established that to prevail on the defense of duress, the burden rests with the movant to show that the alleged duress would have prevented "an ordinarily prudent person" from exercising his free will to file suit prior to the expiration of limitations.

Childers fails to carry his burden of proof. He argues that defendant Puente and other members of the City police department threatened to reopen a former criminal arrest charge if he pursued his civil rights complaint. Childers does not identify which officers other than defendant Puente threatened him. With respect to the alleged threat from Puente, Childers describes only one encounter insufficient to sustain his contention that the threat was continuous in nature. <u>See</u> <u>Pierce</u>, 428 S.W.2d at 427. Accordingly, the district court did not err in granting summary judgment for the defendants.

AFFIRMED.